**James H. HERRIN, Plaintiff,**

v.

**FEDERAL AVIATION ADMINISTRA-TION et al., Defendants.**

**Civ. No. 75–0415–D.**

United States District Court, W. D. Oklahoma.

April 12, 1976.

Richard W. Freeman, Oklahoma City, Okl., for plaintiff.

William R. Burkett, U. S. Atty. by O. B. Johnston, III, and James M. Peters, Asst. U. S. Attys., R. Bruce Carter, Oklahoma City, Okl. (For FAA), for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

In this action Plaintiff seeks reversal of a Civil Service Commission (CSC) Order affirming a Federal Aviation Administration (FAA) decision denying Plaintiff's application to have his job classification upgraded to GS–12 from GS–11.

 Defendants object to the Court's jurisdiction. However, it appears that jurisdiction is proper under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq.[1] The APA provides for judicial review of certain agency actions. 5 U.S.C. § 702 reads:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

Decisions of the CSC constitute agency action within the meaning of 5 U.S.C. § 702. *United Black Fund, Inc. v. Hampton,* 352 F.Supp. 898 (D.D.C.1972). Persons have standing to challenge federal agency action under 5 U.S.C. § 702 where (1) the challenged action has caused them injury in fact and (2) where the alleged injury is to an interest arguably within the zone of interest sought to be protected by a relevant statute. *United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); *Sierra Club v. Morton,* 405 U.S. 727,

92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Economic, aesthetic, conversational or recreational values may satisfy the injury in fact test. But the party seeking review must himself be among the injured. *Sierra Club v. Morton, supra.* A plaintiff must allege that he has been or will be perceptibly harmed by the challenged agency action. *United States v. SCRAP, supra.*

 It is clear that Plaintiff has satisfied the first prong of the standing test. He has alleged that his job is improperly classified as a GS–11 instead of a GS–12. This indicates economic injury from Defendant's refusal to reclassify Plaintiff's job. With regard to the second prong of the standing test, that the alleged injury arguably be within the zone of interest sought to be protected by a relevant statute, Plaintiff relies on 5 U.S.C. § 5107 which provides:

"Except as otherwise provided by this chapter, each agency shall place each position under its jurisdiction in its appropriate class and grade in conformance with standards published by the Civil Service Commission or, if no published standards apply directly, consistently with published standards. When facts warrant, an agency may change a position which it has placed in a class or grade under this section from that class or grade to another class or grade. Subject to section 5337 of this title, these actions of an agency are the basis for pay and personnel transactions until changed by certificate of the Commission."

It is Plaintiff's position that this statute requires the FAA to properly grade and classify persons within its jurisdiction. It appears that Plaintiff's contention is correct. Thus, the second prong of the standing test is satisfied.

1. There is a split of authority as to whether the APA is jurisdictional. Compare: *Pan American World Airways, Inc. v. C.A.B.,* 129 U.S. App.D.C. 159, 392 F.2d 483 (1968); *Zimmerman v. United States Government,* 422 F.2d 326 (Third Cir. 1970) which held the APA to be non-jurisdictional with *Rothman v. Hospital Service Of Southern California,* 510 F.2d 956 (Ninth Cir. 1975); *Bradley v. Weinberger,* 483 F.2d 410 (First Cir. 1973); *State Highway Com-* *mission of Missouri v. Volpe,* 479 F.2d 1099 (Eighth Cir. 1973) which held the APA to be jurisdictional. It does not appear that the Tenth Circuit has expressly passed on this point. However, in *Brennan v. Udall,* 251 F.Supp. 12 (D.Colo.1966) Judge Doyle·held the APA to be jurisdictional and his decision in the case was affirmed in *Brennan v. Udall,* 379 F.2d 803 (Tenth Cir. 1967).

■ The review standard applicable to this case is that the CSC order appealed from must be affirmed unless found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Review under 5 U.S.C. § 706(2)(A) involves inquiry whether the administrative decision appealed from was based on a consideration of all the relevant factors and whether there was a clear error of judgment. Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court's review function is exhausted where a rational basis for the agency action taken is found. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Sabin v. Butz*, 515 F.2d 1061 (Tenth Cir. 1975).

Notwithstanding the narrow scope of review afforded actions brought under the APA, in conducting an administrative review it is the duty of this Court to examine the facts contained in the administrative record, evaluate the conflicts and make a determination therefrom whether the facts support the several elements which make up the ultimate administrative decision. *Nickol v. United States*, 501 F.2d 1389 (Tenth Cir. 1974); *Heber Valley Milk Company v. Butz*, 503 F.2d 96 (Tenth Cir. 1974).

Plaintiff is employed by the Department of Transportation, Federal Aviation Administration, as an Electronics Technician. In the summer of 1974 Plaintiff began proceedings within the FAA to have his job upgraded from GS–11 to GS–12 (See, Tr. 59–70). Plaintiff's supervisors determined that his position was properly classified. In a memo to file dated September 19, 1974 Ollee Clark stated that he would take no further action on Plaintiff's request as he was satisfied Plaintiff was properly classified. (Tr. 75). On October 11, 1974 an FAA position classification specialist conducted a "desk audit" to reconsider the classification of Plaintiff's position. The auditor determined that Plaintiff was properly classified (Tr. 93–96). Plaintiff then appealed to the Civil Service Commission. On January 3, 1975 the CSC determined

that Plaintiff was properly classified and denied his appeal (Tr. 8–11). Plaintiff then filed this action.

The CSC decision stated that there are two criteria for determining the proper classification of an employee in Plaintiff's job which is an instructor or specialist involved with education and training work. Those criteria were stated to be (1) "Assignment Characteristics" and (2) "Level of Responsibility". Assignment Characteristics in general were stated to measure the scope and difficulty of the assignment, the skills, knowledge and ability required to carry it out. GS–12 positions are characterized by complexity in preparation and instruction due to the wide range of the subject matter, rapidly increasing source information and absence of established training materials. GS–11 positions are characterized as less complex than GS–12 although requiring the application of subject matter knowledge and a lesser degree of new developments in the field. A GS–11 instructor would be expected to update or improve his course content. The CSC found that Plaintiff's Assignment Characteristics equated to GS–11 in that they required the instruction of non-standard courses requiring subject matter knowledge subject to frequent change. Under the heading "Level of Responsibility" GS–12 instructors are characterized as being responsible for the development of total course content whereas GS–11 instructor positions are characterized as being responsible for course content in conjunction with supervisors and peers. Plaintiff's position was found to correspond to the GS–11 position in the "Level of Responsibility" heading.

The Position Classification Specialist who audited Plaintiff's job found his major functions to be to provide instruction and revise and participate in the development of courses concerned with the operation of airborne electronic equipment used in flight inspection evaluation of air navigation facilities. Other duties were found to include visits to manufacturers, ground sites, regional offices, etc., performance of relief

duties for personnel in the field and day to day administration.

The auditor's description of Plaintiff's job meshes with a description of the job made by Plaintiff's supervisor. (Tr. 83–84). This description states that Plaintiff's job is to analyze and define job functions required of field specialists; to prepare course control documents to be used by instructors; to validate test questions to insure their appropriateness to course goals; to perform duties of instructor where more than one instructor is required; to conduct learning activities and to function as a crew member on training flights; to administer tests; and to assist in special projects.

Plaintiff submitted a lengthy and detailed description of his job in the form of a rebuttal to the classification specialist report. The substantive statements in this report do not, in general, conflict with the auditor's report of the supervisor's description of Plaintiff's job. (Tr. 57–70).

Plaintiff argues that the appeal file is "fraught with errors" on the part of the FAA and, therefore, the action of the CSC in sustaining on the record is arbitrary and capricious. Specifically, Plaintiff contends that the FAA Chief of Manpower Division violated a provision of the Federal Personnel Manual by failing to include in the appeal file a point by point analysis of the area in which the FAA disagreed with Plaintiff's description of his work. Plaintiff further states that the classification specialist's desk audit was in error in that it failed to mention part of Plaintiff's duties and it applied incorrect criteria, and the CSC should have conducted a further audit before reaching its decision.

■ Plaintiff's arguments are without merit. It is within the discretion of an administrative agency to relax or modify procedural rules adopted for the orderly transaction of business before it when the ends of justice require it. Agency action in such case is not reviewable except upon a showing of substantial prejudice to the complaining party. *American Farm Lines* *v. Black Ball Freight,* 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970). The procedural error of which Plaintiff complains has not been shown to be prejudicial. Both Plaintiff's rebuttal and the auditor's report were before the CSC. The CSC considered both in reaching its decision. The CSC was in a position to note any discrepancies between the auditor's report and Plaintiff's rebuttal. Plaintiff also complains that the auditor did not apply the correct standards in reaching its decision. However, there is no contention that the CSC applied an incorrect standard in reaching its decision. Thus, there is no prejudice to the Plaintiff.

■ It is clear to the Court that there is a rational basis for the action taken by the CSC and FAA. Upon review of the record the CSC concluded that Plaintiff's job description fit more closely into the category of GS–11 than GS–12. The facts contained in the record do not show this decision to have been arbitrary, capricious or an abuse of discretion. The job description endorsed by Plaintiff's supervisor and the auditor's report both support the CSC. Moreover, the Plaintiff's rebuttal states that he performs many tasks falling in the GS–11 category. Thus, the facts support the CSC decision. The criteria applied by the CSC in reaching its decision are in conformity with 5 U.S.C. § 5104 which sets out a general schedule for GS ratings. Accordingly, the CSC decision appealed from herein should be affirmed.

A Judgment and Order based on the foregoing will be entered this date.