**WOODS PETROLEUM CORPORATION, a corporation, Appellant,**

v.

**Olen SLEDGE; Claude P. Neely; Luella Neely Marshall; R. H. Drewry; Joel W. Wilkinson, Jr.; Dereen Clellant; Harold T. Garvin; Don Hutto Garvin; Henry C. Bonney; Willette W. Bonney; John H. Kennedy; Evangeline Kennedy; Roy A. Pettit; Carole Daube Sutton and W. C. Wright, Co-Trustees of the Carole Daube Sutton Trust; Daube Partnership Limited; Sam Daube; Leon Daube; Tom Cardwell; Olive H. Daube; Ida Sutton Williams; Roy A. Pettit, individually; W. C. Wright, individually; Henry J. Fowler; Bobby Ray Patterson; Etta May Patterson; Ivo Monroe Patterson; Lois Aline Patterson; Edith W. Leach; Mary W. Thompson; Cleo Jones; H. Pitman Jones; Charlotte Ann Hill; Billy D. Jones; Bruce Shepherd, Executor of the Estate of Lu Shepherd, Deceased; G. T. Blankenship, Executor of the Estate of Daisy Blankenship, Deceased; Garold Earnhardt; Defendants, Lela Owens Hamilton, Hattie Harpole, Ephraim McKinney, J. R. Neely, Edna M. Winans, Sophia McKinney and David Roberts, if living or if deceased, the heirs, executors, administrators, devisees, trustees and assigns, immediate or remote, whether known or unknown of said Defendants; and Robert A. Garbrecht, Appellees.**

No. 52763.

Supreme Court of Oklahoma.

July 21, 1981.

---

Brown & Lockhart by James H. Lockhart and Gordon F. Brown, Oklahoma City, for appellant.

Otey & Evans by R. Rhys Evans, Ardmore, for appellees, Daube Partnerships, Ltd., a limited partnership, and W. C. Wright, Carole Daube Sutton and Jack Newman, Trustees of the Carole Sutton Trust.

HODGES, Justice.

Although the issue of jurisdiction was not presented to the trial court, we find that the dispositive question on appeal is whether the district court had jurisdiction to entertain an action to quiet title after the Corporation Commission had entered an order substantially affecting the same rights. Questions of jurisdiction may be raised at any time, either in the trial court or on appeal; and even in the absence of an inquiry by the litigants, the court may examine jurisdiction.[1]

---

1. *Durham v. Sharum*, 203 Okl. 426, 222 P.2d 1029 (1950); *Wright v. Kemper*, 137 Okl. 259, 279 P. 346 (1929).

Woods Petroleum Corporation, appellant, [Woods], sought to quiet its title in a drilling and spacing unit and to have the trial court determine it was the sole operator with the right to drill after it successfully completed a producing well, Pear # 1, on October 11, 1976. The unit had originally been spaced for gas. Woods' problem was precipitated when the well produced oil instead of gas and gas condensate. The essence of what Woods seeks to accomplish on appeal is a determination that the failure of the mineral owners to elect to participate in the working interest in Pear # 1 [the anticipated gas well] barred their right to participate in the drilling of three oil wells on the same unit.

Four Corporation Commission orders, in which Woods was the moving party, are involved:

1) Order No. 101230, entered November 16, 1973, established 320-acre drilling and spacing units for the production of gas and gas condensate for the Cisco and Hoxbar common sources of supply underlying the West Half of Section 8, Township 1 North, Range 6 West, Stephens County, Oklahoma.

2) Order No. 120899, entered April 22, 1976, force pooled the oil and gas leasehold estate, named Woods as operator, and granted appellees, owners of divided and undivided unleased mineral interests [with exception of Robert A. Garbrecht, the owner of an oil and gas lease subsequent to the entry of Order No. 120899 and Harold T. Garvin and Henry C. Bonney in their capacity as subsequent oil and gas lessees] an election to either participate in the working interest in the well or to accept a $25.00 per acre in lieu bonus.

3) Order No. 125671 was entered [after Pear # 1 produced oil] in response to Woods' application to increase the density of wells within the drilling and spacing unit established by Order No. 101230. This order authorized Woods to drill a maximum of three additional wells.

4) Order No. 128362 was entered February 24, 1977, in response to Woods' application seeking to pool the owners of outstanding interests. The Corporation Commission found:

"That by Order No. 125671, issued in Cause CD No. 46056, Woods Petroleum Corporation was given authority to increase density in the W/2 of Section 8, Township 1 North, Range 6 West, Stephens County, Oklahoma, which had previously been established as a 320-acre drilling and spacing unit for the production of gas and gas condensate by Order No. 101230. An order was issued pooling the rights and adjudicating the equities in said unit in Cause CD No. 43991 by Order No. 120899 and that order was applicable to the first well drilled on this unit."

The equities among the owners of the oil and gas leasehold interests and mineral interests in the drilling and spacing units were determined by Order No. 128362. The appellees were granted the option to participate in the drilling of the wells or to accept ³⁄₁₆th royalty and a $50.00 per acre bonus in lieu thereof. Order No. 128362 also mandated that Woods commence drilling within 120 days or the order would become invalid. Woods failed to drill other wells in the unit.

The validity of the four orders was not attacked nor appealed. Instead, Woods filed a petition to quiet its title to the right to drill all the wells authorized by the Commission in the units established by Order No. 101230. Woods sought to have the trial court interpret the provisions of Order No. 120899 to determine whether the right to develop the 320-acre drilling and spacing unit included the drilling of the three additional wells authorized by Order No. 125671. Woods and the mineral owners moved for summary judgment. The court entered for the mineral owners. It held under the provisions of Order No. 120899 Woods acquired the right to drill the initial well and the adjusted equities by the Corporation Commission pertain only to that well.

## I

 The Corporation Commission has the sole authority to adjust the equities and to protect the correlative rights of interested parties.[2] The Commission, in Order No. 120899, adjusted the equities only on the first well, Pear # 1. When Woods applied to increase the density and drill three additional oil wells, it was within the purview of the Commission to adjust the equities on the three proposed wells. The Commission, properly exercising its jurisdiction, made the adjustment in Order No. 128362. Whether that order was a proper adjustment is not an issue in this appeal.

 The jurisdiction of the district court to review orders of the Corporation Commission is generally limited to examination of Commission orders to determine whether the Commission had jurisdiction to enter the order.[3] The Okla.Const. art. 9, § 22 provides that no court of this state except the Supreme Court has the jurisdiction to enjoin, reverse, or interfere with the Corporation Commission in the performance of its official duties. The procedures for appeal to this Court are delineated in 17 O.S.1971 § 3 and 52 O.S.1971 § 113 which provide for appeal from the judgment of the Commission to the Supreme Court. Title 52 O.S. 1971 § 111 prohibits collateral attacks on the orders of the Commission and designates the Supreme Court as the singular source of review.[4]

 An order is a final order when it determines and affects a substantial right.[5] Order No. 128362 by which Woods was granted permission to drill three additional wells was permitted to lapse under its own terms. Instead of appealing from the order, Woods brought a quiet title action in District Court. This circumvention of the appellate process is an unpermitted collateral attack on the order of the Commission.

REVERSED WITH DIRECTIONS TO VACATE THE JUDGMENT.

All the Justices concur.

---

2.   52 O.S.1971 § 87.1.

3.   *Gulfstream Petroleum Corp. v. Layden,* 632 P.2d 376 (Okl.1981); *State v. Corporation Com'n.,* 590 P.2d 674, 677 (Okl.1979).

4.   A collateral attack is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial. *May v. Casker,* 188 Okl. 448, 110 P.2d 287, 288 (1941).

5.   12 O.S.1971 § 953.