The BANKING BOARD OF the STATE OF OKLAHOMA, Comprised of Donald F. Van Horne, acting Bank Commissioner and Chairman; Don B. Donaldson, John T. Hannah, George W. Lowry, H. W. Ray, and Robert Clark, Members, Petitioner,

v.

John C. WILKERSON, Jr., Les Horner, David Hillsheimer, Lester Cross, and Don Stover, Incorporators of the Proposed Peoples Bank in Pryor, Oklahoma, Respondents,

and

First National Bank of Pryor, Oklahoma; American Bank of Oklahoma, Pryor, Oklahoma; and The Adair State Bank, Adair, Oklahoma, Respondents.

No. 53747.

Supreme Court of Oklahoma.

March 9, 1982.

Sandi Cone Silkey, Legal Counsel, State Banking Dept., Oklahoma City, for petitioner.

Sam P. Daniel, Jr., and William E. Hughes, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for respondents, John C. Wilkerson, Jr., Les Horner, David Hillsheimer, Lester Cross, and Don Stover, Incorporators of the Proposed Peoples Bank in Pryor, Oklahoma.

Robinson, Boese & Davidson by James S. Boese, Tulsa, for respondents, First National Bank of Pryor, Oklahoma, American Bank of Oklahoma, Pryor, Oklahoma, and The Adair State Bank, Adair, Oklahoma.

BARNES, Vice Chief Justice:

I

Respondents, John C. Wilkerson, Jr., Les Horner, David Hillscheimer, Lester Cross and Don Stover, Incorporators of the Proposed Peoples Bank in Pryor, Oklahoma, filed an application with the State Banking Board on August 10, 1978. The application proposed the establishment of a new bank in Pryor. The Board held a hearing on October 19, 1978. The hearing resulted in a denial of the application.

Wilkerson, et al, then appealed to the Court of Bank Review. They reversed the Board's ruling on the grounds that the findings of fact and conclusions of law filed by the Banking Board were insufficient to allow a reasonable review of the appeal and that a careful investigative report, as required by 6 O.S.1971 § 306(A),[1] was not made by the Banking Commissioner. The Court of Bank Review ruled that such reports are a prerequisite for the exercise of the Board's jurisdiction.

The Banking Board filed with this Court a Petition for Certiorari. This petition was opposed by Wilkerson, et al, and the original protestant banks. Since the filing of that petition, the Court of Bank Review was abolished. This Court is now charged with the responsibility of directly reviewing decisions of the Banking Board.[2]

II

Initially, we will address the Court of Bank Review's decision regarding the alleged insufficiency of investigations and reports.

■ We reject the jurisdictional quality of these requirements. Section 306 basically provides legislative guidelines of the procedures to be followed by the Board in order to provide a fair hearing to all parties. In the absence of a showing of prejudice by an aggrieved party, the reversal of a Board decision merely because of a technical violation does not seem reasonable or mandated. The necessity of such a showing of prejudice was found in *Herrin v. Federal Aviation Administration,* 418 F.Supp. 889 (W.D.Okl.1976), where the Court ruled it is within the discretion of an administrative agency to relax or modify procedural rules, and that the modifications are not reviewable except upon a showing of substantial prejudice.

■ In this case, there is no evidence presented that indicates any prejudice. *Wilkerson, et al,* and the protestant banks complain of the lack of specificity on each and every item listed. However, nothing in their arguments points to any prejudicial error. This lack of evidence, coupled with our holding in *Oklahoma Operating Co. v. State Dry Cleaners Board,* 306 P.2d 295 (Okl.1975), that as a general rule findings, decisions and orders of an administrative body, in the absence of evidence to the contrary, are presumptively correct and valid, leads us to the conclusion that any slight failure to comply with the technical norms was not enough to justify the Bank Review Court's reversal of the Board's finding.

III

We now turn to a consideration of the actual merits of establishing the proposed

---

1. The statute reads in part that "when an application for a charter has been filed with the Commissioner he shall make or cause to be made a careful investigation and examination relative to the following..."

2. 6 O.S.Supp.1981, § 207.

bank. Such a consideration is warranted in order to avoid another appeal from the Banking Board's decision. The abolishment of the Court of Bank Review has placed such an appeal in this Court's jurisdiction.

## A.

 The standard of review to be employed in reviewing the Banking Board's decision is the substantial evidence rule. On at least two occasions we have held that appeals from the Banking Board must be reviewed on this basis. See *Brown v. Banking Board*, 512 P.2d 166, 169 (Okl.1973); *Village Bank v. Seikel*, 503 P.2d 550 (Okl. 1972).

In the *Brown* case we held that the reviewing court shall look to the entire record including evidence opposed to the finding in determining whether an order is supported by substantial evidence, but it is not our function to substitute our judgment for that of the Board.

The *Brown* decision recognized the substantial evidence rule as promulgated by the U. S. Supreme Court in *Universal Camera Corp. v. National L. R. Bd.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951):

"The substantiality of evidence must take into account whatever in the record fairly detracts from its weight. ...."

## B.

 The only issue remaining is whether the Board's decision to reject the application for the bank was based on substantial evidence. We hold that the Board's decision is supported by substantial evidence. The Board concluded that the public need and advantage would not be promoted by the establishment of the bank. Three of the Board's members concluded that conditions in Pryor were not conducive to reasonable prospects for successful operation.

The record indicates that the testimony of a market analyst shows that the public need would not be promoted by the bank's establishment. This testimony included surveys that reflected high rates of satisfaction with the existent banks. The Board's inference that satisfaction with existing banks is indicative of the lack of need for another bank is clearly within the purview of the substantial evidence rule. While not all people might reach this conclusion, it is not a conclusion that is unreasonable.

In addition, the Applicants' evidence regarding the chances of successful operation was questioned by the Board. The various assumptions and methods of compiling the financial projection were of a nature that reasonable people could question their validity.

The Banking Board's rejection of the application was justified on the basis of the substantial evidence rule. Accordingly, we reverse the Court of Bank Review's decision.

REVERSED.

All the Justices concur.