**AMOCO PRODUCTION CO., Appellant,**

v.

**The CORPORATION COMMISSION OF The STATE OF OKLAHOMA, Composed of the Honorable James B. Townsend, Chairman; the Honorable Norma Eagleton, Vice-Chairman; and The Honorable Hamp Baker, Commissioner; and Samedan Oil Corporation, Appellees.**

**No. 64848.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 10, 1987.

As Corrected Nov. 25, 1987.

Rehearing Denied Dec. 8, 1987.

Certiorari Denied March 21, 1988.

Approved for Publication by Order of the Supreme Court.

Jay C. Jimerson and John R. Reeves, Oklahoma City, for appellant.

James A. Scimeca, Oklahoma City, for appellee Samedan Oil Corp.

HUNTER, Judge:

The basic issue presented for decision is: Does the Corporation Commission of the State of Oklahoma have the authority to force pool by the wellbore instead of force pooling by the drilling and spacing unit.

Pursuant to the order of the Commission No. 152547, pooling the interests of all owners in sixteen (16) common sources of supply underlying § 30, T–12N, R–14W in Custer County, Oklahoma, Appellant, Amoco Production Co., was designated as the operator of the unit well. Previously, the Commission had established 640–acre drilling and spacing units for the various common sources of supply. The pooling order provided for an election by the owners of interests in the drilling and spacing unit. The owners could either elect to participate in the working interests in the unit well, or elect to accept a cash bonus plus an override in lieu of participation. Appellee, Sam-edan Oil Corporation, elected to accept a cash bonus plus override, in lieu of participation. Amoco timely completed the unit well as a commercially productive well.

Subsequently, Amoco requested authorization from the Commission to drill an additional well on the drilling and spacing unit. The increased density well was authorized by the Commission, Order No. 246934, on October 21, 1983. Amoco drilled the additional well, known as the W.D. Leonard No. 2 well, which was a commercially productive well, with greater production of both oil and gas than the original unit well. After the completion of the second well, Samedan filed its application requesting the Commission to adjudicate the rights and equities of the parties pertaining to the second well.

At the hearing before the trial examiner, the parties stipulated to the relevant facts, and agreed that the issue before the Commission was whether the original pooling order, No. 152547 was effective as to the increased density well (Leonard No. 2). During the hearing, the Commission's Policy Memo No. 45, entitled "statement of policy", dated May 3, 1984 was introduced into evidence and was followed and adopted by the trial examiner who found that the original pooling order did not extend to and cover the interest of the parties in the additional well (Leonard No. 2). The findings and order of the hearing examiner were adopted by the Corporation Commission in order No. 282360. The Commission specifically found that the original pooling order was inapplicable to the additional well drilled by Amoco and that the pooling order had never been of any force and effect on the additional well, Leonard No. 2. From the order of the Corporation Commission, Appellant has timely perfected this appeal.

Appellant contends the Commission's statement of policy incorporated into order No. 282360 represents an arbitrary and erroneous interpretation of 52 O.S. § 87.1. We agree. Policy Memo No. 45 is the basis for the order of the Commission determining that the original pooling order had no force and effect upon the Leonard No. 2

well. The Commission further ordered that the interest owners in the drilling and spacing unit were free to negotiate a plan of development for this additional well. This order in effect allows pooling by the wellbore, and not the unit, which Appellant contends is beyond the Commission's authority.

Policy Memo No. 45 reads: "The policy of this Commission is to pool, without exception, by the wellbore." In support of this position the Commission states:

"By pooling per unit, development and the flow of participation dollars is being inhibited. Parties who would otherwise invest and participate in the drilling of developmental wells are precluded from such participation based on their, or their predecessors in interest, decision regarding the initial well and the unit.

Due to the prospect of inhibited development and concomitant inhibited flow of participation dollars, the only alternative available is that of the spacing. Such alternative is not desirable since such a scheme will not only serve to leave spacing 'windows' and therefore not serve to protect correlative rights."

The Commission derives its pooling authority by statute. Title 52 O.S.1984 Supp., § 87.1(e) provides in part:

"Where, however, such owners have not agreed to pool their interests and where one such separate owner has drilled or proposes to drill a well on said unit to the common source of supply, the Commission, to avoid the drilling of unnecessary wells, or to protect correlative rights, shall, upon a proper application thereof and hearing thereon, require such owners to pool and develop their lands in the spacing unit as a unit."

The Supreme Court has held this regulatory statute to be restrictive. In *Helmerich & Payne Inc., v. Corporation Commission,* 532 P.2d 419 (Okla.1975), the Court reversed a Corporation Commission order seeking to pool interest of more than one unit. In reversing the Commission order the Court stated:

"When the statute says the Commission shall require the owners to pool and de-velop their lands in the spacing unit as a unit, it is limiting pooling within the designated drilling and spacing unit of 640 units.... We feel the regulatory statute is restrictive."

Section 87.1 does not provide for pooling by the wellbore, but limits one well per spacing unit and that the owners "pool and develop their lands in the spacing unit as a unit." The restrictive nature of § 87.1 requires pooling by the unit, and cannot, and does not, authorize pooling by the wellbore. This Court has sustained the authority of the Corporation Commission to enforce the statutes of Oklahoma with reference to proration of oil, but this Court cannot sustain the action of the Corporation Commission when it exercises authority not granted to it by those statutes. *Helmerich & Payne, supra.*

Appellee argues that pooling by the wellbore is authorized in *Woods Petroleum Corporation v. Sledge,* 632 P.2d 393 (Okla. 1981). However, the *Woods* case does not determine that question. The issue in *Woods* was the unauthorized collateral attack on an order of the Commission. Although a pooling order was entered in *Woods* which would appear to allow pooling by the wellbore, the order was not attacked or appealed. The Court states:

"Whether that order was a proper adjustment is not an issue in this appeal."

Authority for pooling by the wellbore lies with legislative enactment, not by the Commission's Policy Memo No. 45, nor with the Court.

Although we have come to our conclusion independently, we find that it follows the law as set forth by Division I of the Court of Appeals in *Amoco Production Company v. The Corporation Commission of the State of Oklahoma,* 751 P.2d 203 (Okl.App.1986), certiorari denied as improvidently granted and approved for publication by order of the Supreme Court, 58 OBJ, 2938. That case also held that the Corporation Commission was without authority to force pool by the wellbore.

Appellant has urged other propositions of error. However, because the order of the Corporation Commission must be vacat-

ed, those propositions need not be reached by this opinion.

For the reasons stated above, Corporation Commission Order No. 282360 is VACATED.

HANSEN, P.J., and BAILEY, J., concur.