**GRACE PETROLEUM CORPORATION and Swift Energy Company, Appellants,**

v.

**The CORPORATION COMMISSION OF THE STATE of Oklahoma and Helmerich and Payne, Inc., Appellees.**

**No. 76061.**

Court of Appeals of Oklahoma, Division No. I.

Jan. 21, 1992.

Rehearings Denied April 27, 1992.

Certiorari Denied Oct. 28, 1992.

James S. Drennan, Oklahoma City, for appellant Grace Petroleum Corp.

Gordan D. Ryan and, Sharon Taylor Thomas, Oklahoma City, for appellant Swift Energy Co.

Kent Douglas Talbot and Leslie Wilson Pepper, Oklahoma City, for appellee Oklahoma Corp. Com'n.

Richard L. Gore and Martha Martin, Oklahoma City, for appellee Helmerich & Payne, Inc.

BAILEY, Judge:

Appellants Grace Petroleum Corporation and Swift Energy Company (Grace, Swift or collectively Appellants) seek review of an order of Appellee Oklahoma Corporation Commission (Commission) sitting en banc clarifying previous pooling orders issued in 1981 and 1983, thereby holding the previous orders as having pooled the subject units by the wellbore. Herein, Appellants contend (in essence) that the Commission has authority to pool only by the unit, not by the wellbore, and that the Commission exceeded its jurisdiction in construing the previous orders as pooling by the wellbore.

In 1981, on application of Amoco Production Company (Amoco), Commission entered Order No. 191799, thereby pooling interests in certain common sources of supply underlying all of Section 27, Township 10 North, Range 12 W.I.M., in Caddo County, Oklahoma. Appellee Helmerich & Payne, Inc. (H & P) elected not to participate therein, but chose to receive one-eighth (⅛) overriding royalty. Amoco, as operator, thereafter drilled the Warren King No. 1 well to the deepest formation in the pooled unit, and obtained production from a shallower stratum. Appellant Swift subsequently acquired H & P's interest in the Warren King No. 1.

In 1983, on application of Appellant Grace, Commission entered a second pooling order, Order No. 246817, pooling the same common sources of supply under § 27 as those covered by the 1981 Commission order, but without mention of the first order. H & P elected to participate, and Grace drilled the Mogg–Hawkins No. 1–27 well to the deepest formation, and obtained production from a shallower stratum.

In 1989, H & P filed the subject application, thereby requesting "clarification" of the two prior pooling orders to reflect pooling by the wellbore and not by the unit. Both the Administrative Law Judge and the Appellate Administrative Law Judge for Commission found (1) the first pooling order, Order No. 191799, pooled the unit as a unit, and (2) the second pooling order should not be disturbed for equitable reasons, i.e., that H & P had, in fact, participated in the second well, thereby approving wellbore pooling. The Commission *en banc* disagreed, finding the prior pooling orders ambiguous, and after hearing evidence, construed the prior orders as having pooled the interests of the owners by the wellbore. Appellants appeal as aforesaid.

Both Appellants and Appellees rely on *Amoco Production Company v. The Corporation Commission of the State of Oklahoma*, 751 P.2d 203 (Okl.App.1986) (approved for publication as modified by the Supreme Court, December 16, 1987) (hereinafter *Amoco I*) as supportive of their respective positions; however, each disagrees on the application of the rule announced therein. In *Amoco*, the Court of Appeals held the Commission without authority to pool by the wellbore (rather than by the unit) under 52 O.S.1981 § 87.-1(e). *Amoco*, 751 P.2d at 206; see also, *Amoco Production Company v. The Corporation Commission of the State of Oklahoma*, 752 P.2d 835 (Okl.App.1987) (approved for publication by the Supreme Court, March 21, 1988) (*Amoco II*). However, this Court also held:

> This ruling to the effect that section 87.1 may be read only to authorize the forced pooling of working interests on a unit wide basis rather than on an individual well bore basis, because the ruling has not been clearly foreshadowed and because of the inequity of applying the rule to orders which have now become final and on which the parties involved have expended funds in reliance on the validity of the orders, shall be given effect in this case, and prospectively, in all matters where the order of the Corporation Commission in question has not become final as of the date of mandate in this case. (Citations omitted).

*Amoco I*, 751 P.2d at 208.

In that regard, we read this pronouncement regarding "prospective" application as absolutely proscribing entry of wellbore pooling orders from and after the date of that opinion. See also, *Amoco II*, 752 P.2d at 837.

As applied to the present case, therefore, it appears clear to this Court that Commission, in "clarifying" the previous pooling orders, approved wellbore pooling of the subject unit wells, contrary to the proscription of *Amoco I*. The previous orders allegedly in need of "clarification" unequivocally pool the subject mineral interests as a *unit*, and do not, even by implication, appear to allow or anticipate pooling by the wellbore. While we believe Commission clearly retains the power to construe and/or clarify its previous orders, Commission may not consider extrinsic evidence to create ambiguity in or to construe its previous orders. Cf., 52 O.S.1981 § 112; with, *Phillips Petroleum Co. v. Corporation Commission*, 482 P.2d 607 (Okl.1971) (mere change in interpretation by Commission insufficient to justify amendment of previous spacing order; absent proof of substantial change of condition or knowledge of conditions since entry of previous order, Commission without authority to amend or modify previous order). We therefore find the previous, final and unappealed pooling orders unambiguous and impervious to modification by "clarification," and Commission may not circumvent the wellbore proscription announced in *Amoco I*. To hold otherwise would be to open the door to avoidance of the wellbore proscription by the mere allegation of ambiguity.

Having so held, we need not address the remaining allegations of error. The order of the Corporation Commission is therefore

REVERSED.

GARRETT, P.J., and ADAMS, J., concur.