2005 OK CIV APP 100

**Marcia BALDRIDGE, Petitioner/Appellant,**

v.

**EXPRESS TEMPORARY SERVICES, INC., the Board of Review for the Oklahoma Employment Security Commission, and the Oklahoma Employment Security Commission, Respondents/Appellees.**

**No. 100,743.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 15, 2005.

Bradley W. Wicker, Boettcher, Martin, Jean & Jackson, Ponca City, OK, for Appellant.

Teresa Thomas Keller, Oklahoma Employment Security Commission, Oklahoma City, OK, for Appellees.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶1 Marcia Baldridge (Claimant) appeals from the trial court's May 24, 2004, order affirming the Board of Review of the Oklahoma Employment Security Commission's order denying her claim for unemployment benefits. Based upon our review of the facts and applicable law, we affirm.

## FACTS

¶2 In 1998, Claimant began working as a temporary employee for Express Temporary Services, Inc. (Employer), a temporary help

firm.[1] Claimant's employment with Employer was characterized by a series of limited term assignments. In February of 2003, Claimant was placed on assignment with Conoco. In June of 2003, Claimant contacted Employer to inform them her assignment with Conoco was ending on June 20, 2003, that she had new employment, and was going to Wisconsin on June 23, 2003, for training for that new employment.

¶3 Employer contacted Claimant's supervisor at Conoco who informed them that Claimant's current assignment would be ending on June 20 because Claimant had found another position. The supervisor further stated that there was plenty of work available for Claimant.

¶4 On June 23, 2003, Claimant contacted Employer and requested they "mark" her available for work. However, Claimant was in Wisconsin at the time and Employer explained to her that she could not be marked available if she was not in town and truly available for work. On July 3, 2003, Claimant again called and requested that she be marked available for work. Employer's notes indicate that Claimant was back from Wisconsin and had been informed her new job would not start until August. Employer contacted Claimant on July 10, 2003, and informed her that an assignment was available. Claimant did not respond until July 18, 2003, at which time the assignment had been filled.

¶5 Claimant sought unemployment benefits on June 30, 2003. The Oklahoma Employment Security Commission (OESC) disallowed Claimant benefits, noting she "voluntarily quit [her] position with Express Temporary Services, Inc. to pursue different employment." Claimant appealed the decision to the Appeal Tribunal. After a telephonic hearing, the Hearing Officer affirmed.

–3–

The claimant's last assignment ended June 20. The claimant did not request further work at that time but told the employer that was her last day as she was going to Wisconsin to train for a new job. The claimant did not make herself available for other assignments until July 3, 2003. She had applied for benefits on June 30, 2003. The claimant has not yet been able to begin her new job.

Claimant appealed this decision to the Board of Review on September 5, 2003. The Board of Review affirmed and adopted the Appeal Tribunal's findings of facts and conclusions of law in an opinion mailed on October 14, 2003.

¶6 Claimant appealed to the district court on October 24, 2003, asserting the denial of benefits was contrary to law and not supported by the evidence. In an order filed on May 24, 2004, the trial court, acting in an appellate capacity, affirmed the Board of Review and denied Claimant benefits. Claimant appeals.

## STANDARD OF REVIEW

¶7 In reviewing the actions of the Board of Review, the trial court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon. *Vester v. Board of Review of Okla. Employment Sec. Comm'n*, 1985 OK 21, ¶10, 697 P.2d 533, 536. The trial court is limited to determining whether an error of law was committed in the hearing and whether the findings are supported by the evidence introduced. *Id.* The findings, decisions, and orders of an administrative body are presumptively correct absent valid competent evidence to the contrary. *Banking Bd. of the State of Okla. v. Wilkerson*, 1982 OK 33, ¶6, 642 P.2d 1141, 1142.

## ANALYSIS

¶8 It is well established that an employee is disqualified from receiving unemployment benefits if he or she leaves work voluntarily

---

1. Title 40 O.S.2001, § 2–404A defines a "temporary employee" as an "an employee assigned to work for the clients of a temporary help firm." A "temporary help firm" is defined as "a firm that hires its own employees and assigns them to clients to support or supplement the client's work force in work situations such as employee absences, temporary skill shortages, seasonal workloads and special assignments and projects." *Id.*

without good cause connected to the work. 40 O.S.2001, § 2–404. Claimant asserts 40 O.S.2001, § 2–404A(B) is applicable and addresses what qualifies as "leaving work voluntarily" when a temporary employee of a temporary help firm is involved. Section 2–404A(B) provides:

> A temporary employee of a temporary help firm will be deemed to have left his or her last work voluntarily without good cause connected with the work if the temporary employee does not contact the temporary help firm for reassignment on completion of an assignment. A temporary employee will not be deemed to have left work voluntarily without good cause connected with the work unless the temporary employee has been advised of the obligation to contact the temporary help firm on completion of assignments and that unemployment benefits may be denied for failure to do so.

Claimant asserts since the record does not establish that Employer advised her of the obligation to contact them upon completion of her assignment or that her unemployment benefits may be denied for failure to do so, the trial court erred in "deeming" she left work voluntarily without good cause connected to the work.

¶ 9 We reject Claimant's assertion that § 2–404A(B) is applicable to the present situation. The purpose of the notice requirement in § 2–404A(B) is to ensure the employer is aware that a temporary employee is available for additional assignments so the employee's employment may continue. This section is applicable when an employee wishes to continue employment with the temporary help firm and does not otherwise voluntarily quit on their own volition.

¶ 10 In the present case, Employer did not argue, and there was no evidence presented, that Claimant should be deemed to have voluntarily quit because she failed to contact Employer for reassignment. Instead, Employer argued that Claimant voluntary left its employ because she had found other employment. The evidence established that Claimant advised Employer in June of 2003 that her current assignment was ending on June 20, 2003, that she had new employment, and that she was scheduled to begin training in Wisconsin on June 23, 2003. Thus, it is undisputed that, as of June 20, 2003, Claimant did not wish to continue employment with Employer. Although Claimant eventually sought reassignment from Employer after she learned her new employment would be delayed, this does not change the fact that Claimant voluntarily ended her employment with Employer without good cause connected to the work.

¶ 11 Therefore, the undisputed evidence establishes that Claimant was responsible for her separation and that she should be disqualified from the receipt of unemployment benefits. We find, consistent with the standard of review set out above, that the Board of Review's finding of fact is conclusive and is supported by the evidence. Further, there was no error of law in the Board of Review's determination that Claimant was not entitled to unemployment compensation benefits under 40 O.S.2001, § 2–404 for leaving her employment voluntarily and without good cause connected to the work. The trial court's May 24, 2004, order is affirmed.

¶ 12 AFFIRMED.

RAPP, V.C.J., and REIF, J. (sitting by designation), concur.