2016 OK CIV APP 2

Tammy OBER, Plaintiff/Appellee,

v.

STATE of Oklahoma, ex rel. DEPART-
MENT OF PUBLIC SAFETY, De-
fendant/Appellant.

No. 111,990.

Court of Civil Appeals of Oklahoma,
Division No. 2.

April 6, 2015.

Rehearing Denied July 9, 2015.

John Hunsucker, Hunsucker Legal Group, Oklahoma City, OK, for Plaintiff/Appellee.

Brian K. Morton, Assistant General Counsel, Department of Public Safety, Oklahoma City, OK, for Defendant/Appellant.

JERRY L. GOODMAN, Vice–Chief Judge.

¶ 1 State of Oklahoma *ex rel.*, Department of Public Safety (DPS) appeals a June 17, 2013, order granting Tammy Ober's (Ober) application for a protective order sealing the public records. Based on our review of the facts and applicable law, we reverse.

## FACTS

¶ 2 On August 14, 2011, Ober was arrested for operating a vehicle while under the influence of alcohol. Ober timely requested an administrative hearing, which was held on September 27, 2012. DPS ultimately issued an Order of Revocation revoking Ober's driver's license for a period of 180 days.

¶ 3 On December 21, 2012, Ober filed a petition in the District Court of Cleveland County appealing the Order of Revocation. However, the parties settled the case by agreeing to the statutory modification which permitted driving privileges with the statutorily required installation of an interlock device. A final order was signed by the district court incorporating the agreement on March 4, 2013.

¶ 4 On March 11, 2013, Ober filed an application for protective order seeking to have the record sealed. After a hearing on June 17, 2013, the district court issued an order directing the entire record be sealed from the general public, subject to reopening by court order. DPS appeals.

## STANDARD OF REVIEW

¶ 5 "Records of a court are in that courts custody and control, and a court pur-

suant to its general equity powers may issue an order which impounds and seals papers or records." *Shadid v. Hammond,* 2013 OK 103, ¶ 6, 315 P.3d 1008, 1010, as corrected (Dec. 11, 2013)(Edmondson, J., concurring in part, dissenting in part). "An order sealing a record is the functional equivalent of an injunction *adjudicating rights* of the parties to the principal proceeding as well as the public's right to the information in a public record." *Id.,* at ¶ 14, at 1013. Accordingly, the appellate court applies the same standard of review imposed for the issuance of a temporary injunction. *Collier v. Reese,* 2009 OK 86, ¶ 11, 223 P.3d 966, 971. The granting or denying of injunctive relief is an equitable matter within the sound discretion of the district court and a judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the court has abused its discretion or the decision is clearly against the weight of the evidence. *Collier v. Reese,* 2009 OK 86, ¶ 11, 223 P.3d 966, 972; *Sharp v. 251st Street Landfill, Inc.,* 1996 OK 109, ¶ 4, 925 P.2d 546, 549.

## ANALYSIS

### I. *Protective Order*

¶ 6 On appeal, DPS contends the district court erred in issuing the protective order and in sealing the records in the court file from the general public. DPS asserts Ober failed to cite any authority for the district court's actions other than a vague reference to the "Open Records Act and other applicable law."

¶ 7 Ober disagrees, asserting no statute or case law prohibits the district court from sealing the entire record and that the court correctly found the potential harm to her far exceeded any benefit the public might gain from leaving the record unsealed.

¶ 8 Title 51 O.S.2011 and Supp. 2012, § 24A.29 of the Oklahoma Open Records Act provides:

A. Unless confidentiality is specifically required by law, any order directing the withholding or removal of pleadings or other material from a public record shall contain:

1. A statement that the court has determined it is necessary in the interests of justice to remove the material from the public record;

2. Specific identification of the material which is to be withheld, removed or withdrawn from the public record, or which is to be filed but not placed in the public record; and

3. A requirement that any party seeking to file protected materials place such materials in a sealed manila envelope clearly marked with the caption and case number, the word "CONFIDENTIAL", and stating the date the order was entered and the name of the judge entering the order.

■ ¶ 9 In *Shadid,* 2013 OK 103, 315 P.3d 1008, the Oklahoma Supreme Court, in a special concurrence, addressed the sealing of a court record under § 24A.29.

[ ]Court records are public records. There are specific statutory exceptions to this general rule (juvenile, adoption, mental health, etc.). Otherwise, documents filed with the Court Clerk's office are public records and available for public access.

[ ]*Sealing a public record should be a very rare event that occurs in only the most compelling of circumstances.*

If after very careful and independent consideration a District Court decides to seal a public record, it "shall" make a specific finding that sealing the public record is "necessary in the interests of justice to remove the material from the public record". 51 O.S. 24A.29. That is a *very high standard* for good reason and is required in every case.

All of this current litigation and expense demonstrates the very reason why courts *should rarely take the drastic measure of sealing public records. . . .*

My future guidance to the District Courts is to not block public access to court records *unless it is absolutely "necessary in the interests of justice".* Public records should remain public except in the most compelling of circumstances.

*Id.,* 2013 OK 103, at ¶¶ 2–5, 315 P.3d at 1009 (Taylor, J., concurring)(emphasis added). Accordingly, there is a strong presumption in

Oklahoma in favor of public access to judicial proceedings and court records.

¶ 10 In the present case, Ober testified why the court should grant her application for protective order sealing the record:

As a teacher and a coach, I feel like it's my responsibility to be a positive role model for my students and my players. I just feel like I don't want my players or my students to look up that information, or to even stumble upon it, because I feel like it could lead to a disruption due to my lapse in judgment one evening. And I don't want that to disrupt my classroom or to disrupt what I do on the court with my players....

I feel like you should have a right to know information about the teachers, but this is the one mistake that I've made in my life, and I feel like it should not follow me around for the rest of my career.... I feel like ... they don't need to know ... because if they do ... they're going to hold it as part of my character and as part of defining me, and that's not what defines me whatsoever....

I feel that, one, the mistake should not follow my career around, especially being so early in my career. ...

In granting Ober's application, the district court stated:

The motion will be granted. My primary reason, ... if the school wants to know, they can come ask me to open the record, ask somebody to open the record, and they'll do that.... I think potential harm here far exceeds any benefit that the public might gain. Parents, for example, aren't prohibited from finding out about their teachers by asking the district attorney in the local area or [DPS], for example, or anybody. They can call the DA's office and ask for criminal records if they hadn't been expunged. They can call the DA's office and ask for any DUI cases or anything like that. So those are the main reasons that I would grant this motion.

■ ¶ 11 We find the trial court abused its discretion in granting the application and sealing the record. Ober has failed to establish a compelling reason why it is necessary in the interests of justice to seal the record,

instead merely speculating that leaving the record open could lead to disruption at work, could interfere with employment endeavors in the future, or could cause others to erroneously define her character. Ober is not asking for the sealing of specific pleadings or confidential information, including a social security number or financial information. Rather, concerned over the potential consequences of her actions, Ober seeks to seal the entire record and prevent public access and knowledge of her conviction for driving under the influence and revocation of her driver's license. If this Court took Ober's assertion to its logical conclusion, any individual convicted of a crime or quasi-crime would be entitled to a protective order sealing the record from public access. However, as stated in *Shadid*, in a special concurrence,

Sealing a public record should be a very rare event that occurs in only the most compelling of circumstances.... Public records should remain public except in the most compelling of circumstances.

*Id.*, 2013 OK 103, at ¶¶ 2 & 5, 315 P.3d at 1009.

¶ 12 Accordingly, we find the district court abused its discretion in granting Ober's application for protective order sealing the record. The June 17, 2013, order is therefore reversed.

## II. DPS's Jurisdiction

¶ 13 In her response brief on appeal, Ober asserted the underlying Order of Revocation should be set aside because the record does not contain an officer's affidavit, required to invoke DPS's jurisdiction. Ober contends her failure to timely appeal this issue to the district court is immaterial because a void judgment can be attacked at any time.

■ ¶ 14 Ober is correct that "[q]uestions of jurisdiction may be raised at any time, either in the trial court or on appeal; and even in the absence of an inquiry by the litigants, [this] Court may examine jurisdiction." *Woods Petroleum Corp. v. Sledge*, 1981 OK 89, ¶ 1, 632 P.2d 393, 394. Questions concerning a district court's jurisdictional power invoke the *de novo* standard of review. *Jackson v. Jackson*, 2002 OK 25, ¶ 2,

45 P.3d 418, 422. However, a district court's decision comes to a court of review clothed with a presumption of correctness. "Every fact not disputed by the record must be regarded as supportive of the trial court's ruling." *Olinghouse v. Olinghouse*, 1995 OK CIV APP 104, ¶ 19, 908 P.2d 280, 288 (citing *First Fed. Savings and Loan Assoc., Chickasha, OK v. Nath*, 1992 OK 129, ¶ 10, 839 P.2d 1336, 1342).

¶ 15 In the present case, Ober did not appeal the district court's March 4, 2013, order modifying DPS's Order of Revocation.[1] That order is now final. Rather, DPS is appealing the district court's June 17, 2013, order granting Ober's application for protective order. Accordingly, the record on appeal does not contain the record of the administrative proceeding before DPS.

■■■■ ¶ 16 The party assigning error on appeal bears the burden of presenting the appellate court with a record on appeal in support of the assignments of error. *Bailey v. Bailey*, 1994 OK 6, ¶ 14, 867 P.2d 1267, 1272 (superseded by statute on other grounds). Legal error may not be presumed in an appellate court from a silent record. *Hamid v. Sew Original*, 1982 OK 46, ¶ 6, 645 P.2d 496, 497. *See also, Powers v. District Ct. of Tulsa Cty.*, 2009 OK 91, ¶ 10 fn. 22, 227 P.3d 1060, 1070 fn. 22 (*quoting Pracht v. Oklahoma State Bank*, 1979 OK 43, ¶ 5, 592 P.2d 976, 978 ("The appellant bears the burden of demonstrating a sufficient record and applicable law to demonstrate in this Court that the trial court committed error since error in the lower court is not presumed.")). "As a general rule findings, decisions and orders of an administrative body, in the absence of evidence to the contrary, are presumptively correct and valid." *Banking Bd. of State of Ok. v. Wilkerson*, 1982 OK 33, ¶ 6, 642 P.2d 1141, 1142. *See also, Willis v. Sequoyah House, Inc.*, 2008 OK 87, ¶ 15 fn.

18, 194 P.3d 1285, 1290 fn. 18 ("The trial court's decision is presumptively deemed to include a finding of every fact necessary to support it.").

■■■ ¶ 17 Thus, the burden of overcoming the law's presumption of correctness rests on Ober. This presumption of correctness is not overcome by Ober's mere assertion, notably in a response brief on appeal of an entirely different issue, that an officer's affidavit was never entered into evidence in the administrative proceeding below. Ober has failed to provide this Court with an acceptable record by showing that the presumptively correct order may be vulnerable to reversal. *Willis*, 2008 OK 87, at ¶ 15, 194 P.3d at 1290 (Every fact not disputed by the record must be regarded as supportive of the court's ruling).

¶ 18 Accordingly, this assertion of error is therefore rejected.

¶ 19 **REVERSED.**

WISEMAN, J., concurs, and FISCHER, P.J., concurs in part and dissents in part.

FISCHER, P.J., concurring in part and dissenting in part.

¶ 1 This case is unique with respect to its simultaneous criminal and civil proceedings. This case also requires our reconciliation, if possible, of the public policy informing the Open Records Act and the public policy permitting the expungement of court records in criminal proceedings in certain circumstances. In my view, the district court reconciled the two statutes, and I would affirm the order appealed.

¶ 2 Ober's arrest for driving under the influence of alcohol resulted in a criminal charge and triggered the administrative process resulting in the revocation by DPS of her driver's license for 180 days.[1] Ober appealed the revocation by filing this civil ac-

---

1. The record on appeal before this Court does contain Ober's petition to the district court appealing DPS's Order of Revocation. However, Ober did not assert the Order of Revocation should be set aside for lack of jurisdiction and did not contend that the officer's affidavit was missing. The record on appeal further includes the district court's March 4, 2013, final order entered upon the parties' agreement to modify DPS's Order of Revocation.

1. The record in this appeal is sparse. The record from the administrative hearing is not included, nor is the record from the criminal proceeding. Nonetheless, most of the relevant facts can be derived from the transcript of the hearing on Ober's motion to seal the file in this case and do not appear to be disputed by the parties.

tion. In this case, Ober argued she had no alternate means of transportation and that the revocation imposed an extreme hardship. DPS then agreed to modify its previous revocation and permit Ober to operate her vehicle while an interlock device was installed and the district court entered the order modifying the revocation.[2] Ober then filed her motion to seal the record in this case. Ober argued that the records in her criminal case can be expunged and to achieve the benefit of the expungement statute the records in this case must be sealed.[3] DPS argued that Ober could have accepted the revocation and not driven for six months and there would be no court record of her arrest for DUI. According to DPS, Ober voluntarily created a court record of her arrest when she filed this appeal to obtain the modification of the previously imposed revocation.

¶ 3 The district court agreed with Ober and ordered the file in this case sealed. The Majority reverses that order finding it incompatible with the policy of the Open Records Act. I respectfully dissent.

¶ 4 I do not disagree with the Majority that the Open Records Act evidences a strong public policy in favor of access to the records in judicial proceedings. However, that policy is not absolute and exceptions are specifically incorporated in the Act. Further, in my view, this is a circumstance in which the confidentiality of the records in Ober's civil case may be "required by law." 51 O.S.2011 and Supp. 2012 § 24A.29(A). Section 991c(C) of Title 22 provides:

Upon completion of the conditions of the deferred judgment, and upon a finding by the court that the conditions have been met and all fines, fees, and monetary assessments have been paid as ordered, the defendant shall be discharged without a court judgment of guilt, and the court shall order the verdict or plea of guilty or plea of nolo contendere to be expunged from the record and the charge shall be dismissed with prejudice to any further action.

22 O.S.2011 § 991c(C). If Ober is entitled to the expungement of the record in her criminal proceeding, she is entitled, in my view, to an order in this case that protects the benefit conferred by the expungement statute. "Whenever it is possible to construe two acts by giving effect to both without doing violence to either, such construction is preferred over one that may be productive of conflict between them." *Grand River Dam Auth. v. State,* 1982 OK 60, ¶ 25, 645 P.2d 1011, 1019 (footnote omitted).

¶ 5 According to Justice Edmondson:

The Open Records Act does not create privacy rights; but its exceptions to disclosure indicate that under some circumstances privacy rights of individuals should be protected, and the Act provides such protection for a privacy right in the context of a divorce proceeding when the personal privacy right supersedes the public's right to acquire the information because "the interests of justice" *in the particular circumstance presented* gives precedence to the individual's right. 51 O.S.2011 § 24A.29(A)(1).

*Shadid v. Hammond,* 2013 OK 103, ¶ 9, 315 P.3d 1008 (Edmondson, J., concurring in part and dissenting in part) (footnote omitted). In my view, the district court's order is consistent with Ober's privacy interest protected by both the Open Records Act and the expungement statute in this specific case.

¶ 6 Finally, affirming the district court's order is consistent with the Legislature's current statement of the policy underlying the Open Records Act found in 51 O.S. Supp. 2014 § 24A.30: "All court records ... shall be considered public records and shall be subject to the provisions of the Oklahoma Open Records Act, unless otherwise identified by statute to be confidential." Title 22 O.S.2011 § 991c(C) identifies the records related to Ober's DUI arrest that may be confidential. It is also consistent with the relief to which Ober might be entitled in this Court if she is entitled to expungement of the

---

2. There is some indication in the hearing transcript that DPS may have offered Ober a modified license prior to the administrative hearing.

3. During the hearing, Ober's counsel stated she assumed that counsel representing Ober in the criminal proceeding would take care of the expungement in that case.

record in her criminal case. *See* Okla. Sup. Ct. R. 1.260, 12 O.S.2011, ch. 15, app. 1 (parties entitled to expungement of records pursuant to Title 22, sections 13 and 19 "may seek expungement of related civil records").

¶ 7 I concur with the Majority's disposition of Ober's jurisdictional argument.