## PACIFIC PETROLEUM CO. et al. v. SUN-BEAM OIL CO. et al.

No. 25304.  Jan. 21, 1936.

Rehearing Denied Feb. 18, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 10, 1936.

William J. Crowe and Twyford & Smith, for plaintiffs in error.

James B. Diggs, Russell G. Lowe, William C. Liedtke, Redmond S. Cole, C. L. Billings, and James B. Diggs, Jr., for defendants in error.

BAYLESS, J. This is an appeal from the superior court of Seminole county, Okla. The action involved a certain oil and gas lease and the foreclosure of liens thereon. The trial court appointed a receiver for the property. The parties are numerous and their contentions are complicated. However, as between those who are mentioned in the appeal in this court, the issues seem to be plain and we will direct our attention thereto.

The appealing party, a materialman, complains, first, of the judgment of the court granting priority to certain laborers' liens. The liens are under the oil well lien statutes, sections 10978, 10979, O. S. 1931. The court found that these laborers had lienable claims, and allowed the laborers' liens and gave these liens priority over other liens. The appellants insist that the liens of laborers and materialmen are coequal. This question is new as applied to lien claims under the oil and gas lien law (sections 10978-10979, O. S. 1931), and is of vital interest to those working for or selling to a large industry in this state.

The oil and gas lien statutes, supra, are similar to the ordinary mechanics' and materialmen's lien statutes (10975 and 10977, O. S. 1931) in that no preference or priority is indicated as between lien claimants who have furnished materials and those who have labored. This court has construed sections 10975 and 10977, supra, in connection with sections 11007-11011, O. S. 1931 (chapter 114, S. L. 1910-11), and has decided that when there is a concurrence of

the rights and conditions specified for each type of laborers' lien claims, they are in effect cumulative, and has granted laborers' liens priority, in so far as the production of their labor was involved. Morley v. McCaskey, 134 Okla. 50, 270 P. 1107. This holding was adhered to in later decisions, and in Home Building & Loan Ass'n v. White, 141 Okla. 240, 284 P. 889, we explained our decisions and applied the rule again. We have decided to apply these principles to claims arising under the oil and gasoline laws. The laborers who have established liens are entitled to priority over the liens of materialmen within the rules laid down in those cases. The appellants cite and rely upon the decisions of the Supreme Court of Kansas, which is said to have statutes similar in effect to those of this state, above cited. In Kansas it was held that the liens on oil and gas properties were coequal, because, (1) the statutes did not evidence an intent to give laborers priority, and (2) the administrative difficulties attendant upon priority for laborers were too great in applying these statutes. Since we have held that laborers have a priority as discussed, supra, and since we can see no difference in principle between those cases and the situation under consideration, we decline to apply a rule in this case differing from the one applied in those cases.

The second proposition questions the right of certain lien claimants to liens, because of their failure to file claims and otherwise comply with the statutes relating to the establishment and enforcement of lien claims.

The appellants contend, and the record sustains the contention, that no lien statements were filed, as required by law, by many claimants. It appears that such claimants only filed statements with the receiver, who examined them and reported to the court thereon. Many of these claims are not in the record. It is contended that this is insufficient. To controvert this contention, authority for filing with the receiver instead of filing in the court clerk's office must be founded upon a line of cases by this court approving the filing of a suit within the period fixed for filing lien claims as constituting substantial compliance with the statute. See Newman v. Kirk, 164 Okla. 147, 23 P. (2d) 163, and the cases cited therein.

To our mind, filing a claim, whatever its form may be, with a receiver of the prop-

erty affected is not a substantial or sufficient compliance with the statutes. Such a lien claim statement affects the title to the real estate involved, and such statement when filed in the court clerk's office serves as notice to the world at large. Receivership is not an independent remedy, but is an ancillary remedy, proper in certain instances as an aid to the court in administering completely the issues, rights, and remedies of the parties. Harris v. National Loan Company, 169 Okla. 457, 43 P. (2d) 1038.

The order appointing the receiver is not in the record. There is nothing in this record to indicate that the order appointing in any wise restricted the filing of lien claims, or filing independent suits, or filing cross-petitions (if defendants) in the pending action, or asking for permission to intervene. We therefore cannot know whether the parties claiming liens refrained from complying with the statutes and were led to file their claims with the receiver by some order of the court or some action of those against whom the liens were claimed; or whether they adopted such procedure voluntarily.

The law is that the appointment of a receiver does not excuse the failure to file and record the lien claim and otherwise comply with the statutes. 40 C. J. sec. 204, note 91, and 18 R. C. L. 928, citing Peaceable Creek Coal Co. v. Jackson, 26 Okla. 1, 108 P. 409.

In Peaceable Creek Coal Co. v. Jackson, supra, we held that where the property was in the hands of a receiver and all of the parties (presumably owner and lien claimants) were before the court within the statutory period for filing lien claims, it would be taken as substantial compliance. We cannot follow that rule in this case, for we cannot determine from the record before us that such is the fact in this case.

No claim or statement or pleading appears in the record for Chas. Heffley, T. L. Lemon, Drane Tank Company, Independent Oil Well Cementing Company, Cato Oil & Grease Company, Okmulgee Gas Engine Company, and Producers Lumber Company, and since no evidence was introduced on their part or behalf, the judgment in their favor is reversed.

Frates & Company has filed a brief in which it contends (1) that it has a lienable claim for the unpaid premiums on a work-

man's compensation insurance policy under section 13373, O. S. 1931, and (2) that the filing of its claim or statement with the receiver is substantial compliance with the statutes.

As to its second contention, section 13373, supra, reads:

"The right of compensation granted by this act, and any claim for unpaid compensation insurance premium, shall have the same preference or lien, without limit of amount against the assets of the employer as is now or hereafter may be allowed by law for a claim for unpaid wages for labor."

Since laborers have lien protection on oil and gas properties under sections 10978, 10979, and 11007-11011, O. S. 1931, we will discuss this contention further. If Frates claims lien rights under sections 10978 and 10979, supra, it filed no lien claim such as we held hereinbefore must be filed. If it claims under sections 11007-11011, supra, there is no evidence in the record to show any of the statutory elements necessary to entitle it to such lien as provided by sections 11007-11011, O. S. 1931. Since it has not sustained its second contention, it becomes unnecessary to discuss the first.

The first proposition urged by plaintiffs in error is said by them to apply to certain named claimants "and others." Plaintiffs in error then contend that all of the parties named in the argument on the first proposition, except Ned Heffley, are defeated by reason of their failure to file their lien claims in compliance with this contention, with the statute, or their failure to introduce evidence concerning their claims. We agree. This leaves only Ned Heffley under the first proposition; and plaintiff in error does not contest his right to a lien. Therefore, his lien and priority are governed by the principles announced in the cases of Morley v. McCaskey, supra, and Home Building & Loan Ass'n v. White, supra.

The judgment is reversed for further proceedings not inconsistent with the principles herein announced.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.