## MANTOOTH et al. v. COLBERT.

No. 24106. Dec. 15, 1936.

C. G. Moore, for plaintiffs in error.

Roy Glasco, for defendant in error.

PER CURIAM. This action was commenced in the district court of McClain county, Okla., on the 22nd day of March, 1932, by the defendant in error, William Blanchard Colbert, filing a petition in said court, as plaintiff, asking for a writ of mandamus to be issued against R. N. Alford, county clerk of McClain county, Okla., the board of county commissioners of McClain county, Okla., A. O. Maddox, chairman of said board, J. R. Evatt and J. E. Colbert, members of said board, and J. P. Mantooth, drainage commissioner of Criner creek drainage district No. 2 of McClain county, Okla., as defendants. The petition was duly verified.

It stated the official capacity of each of said defendants as above set forth; that the plaintiff is the owner of the title in fee simple and in the actual quiet and peaceable possession of certain land in McClain county, Okla., describing it; that a drainage district has been created, known as Criner drainage district No. 2 of McClain county, Okla.; that the land of this plaintiff above referred to was assessed for certain taxes to pay the cost of the ditch and improvements in the drainage district aforesaid. The description of the lands with the amount of taxes assessed against each tract is then set forth as follows:

N.E.¼ of S.W.¼ of S.W.¼ sec. 25, twp. 6 N. R. 4 W. _____$ 214.00
S.½ of N.E.¼ of S.E.¼ and N.W.¼ of N.E.¼ of S.E.¼ of sec. 1, twp. 5 N. R. 4 W. ____ 535.00
S.E.¼ of S.E.¼, sec. 1, twp. 5 N. R. 4 W ____ 214.00.

The petition then alleges that the plaintiff had been the record owner of said land and in possession of the same for more than 25 years.

He then complains in his petition that the viewers appointed to view and assess the benefits to the land in said drainage district made their report and their notice was published in a newspaper; that the lands were listed as that of J. E. Colbert instead of this plaintiff; that the notice did not run in the name of the state of Oklahoma to this plaintiff, as required by statute to constitute due

process of law, and that he did not have any notice of the hearing before the board of county commissioners of McClain county, when the report of said viewers was heard and passed upon by the board of county commissioners and the assessments made. He further alleges in his petition as follows:

"* * * Said report came on for hearing before the board of county commissioners of McClain county, Okla., and at the hearing of said report, the county commissioners of McClain county found and held that the lands of this plaintiff were not overflow lands and ordered and directed that the assessments against the plaintiff's land be canceled and ordered and directed that the attorney representing said district in drawing the order approving said report of said engineers and viewers show in said order the cancellation of the assessments against plaintiff's land, but both the county clerk and said attorney, through error, neglect and mistake failed to show the cancellation of plaintiff's assessment in said order approving said report as amended by the board of county commissioners and through error and mistake the county clerk entered said assessments against the lands embraced in Criner creek drainage district No. 2 of McClain county, Okla., and that the county clerk caused said assessments to be certified to the county treasurer of McClain county, and the county treasurer of McClain county, Okla., entered the same upon the record of his office against the lands of the plaintiff and is now attempting to collect said drainage assessments and interest thereon the same way and in the same manner as ad valorem taxes against said lands; * * * that said assessments were erroneously entered upon the records of the county clerk of McClain county, Okla., and the county treasurer of McClain county, Okla., and are erroneously shown in the proceedings in the matter of Criner creek drainage district No. 2 of McClain county, Okla., and that said errors are jurisdictional and are apparent on the face of said records and said officers and said board have refused to correct the same and have taken the position that they have no authority under the law to take any action in regard thereto; that said records of said board of said officers constitute a cloud upon plaintiff's title, which plaintiff is entitled to have removed, set aside and held for naught and is entitled to an order of this court ordering and directing the correction of said records.

"That plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays the court that an alternative writ of mandamus issue herein commanding the board of county commissioners of McClain county, Okla., to correct the order approving the report of the second viewers and engineers for Criner creek drainage district No. 2 of McClain county, Okla., by making said order recite that the assessments against the lands above described are canceled, set aside and held for naught and commanding the county clerk and county treasurer of McClain county, Okla., to cancel said assessments against the plaintiff's land upon the records of their respective offices, or that all of the defendants be required to file their return to said writ showing cause why they have not so corrected the said records in their offices and that on final trial of this cause, that said alternative writ of mandamus be made permanent and peremptory."

On the 22nd day of March, 1932, the district court of McClain county, Okla., issued an alternative writ of mandamus against each and all of the defendants above named, which writ of mandamus set forth in detail the things complained of and then ordered each and all of the defendants to correct the record and order and make said order recite that the assessments against the lands above described were canceled, set aside, and held for naught, and that the county treasurer and county clerk cancel the assessments in the records in the respective offices, and that said defendants appear in said court on or before the 30th day of March, 1932, to show cause for their refusal to do so, and that they then and there return said writ, together with all proceedings thereunder.

The record fails to disclose that these defendants ever made any return of the writ or indorsed thereon that they had complied with the commands of the writ, or set forth any reason for their failure so to do, or filed any answer of any kind.

Thereafter, and on the 1st day of April, 1932, there was filed in this cause in the said district court an application of T. H. White, for permission to file an interplea therein. On the same day the district court made an order permitting the said T. H. White to interplead, and that he be given seven days in which to prepare and file his plea of intervention and set the date for hearing the same on April 8, 1932.

Thereafter, on April 21, 1932, the said T. H. White filed his petition of intervention, setting forth that he was the owner of a sizeable number of bonds issued to pay for the building of said drainage ditch and the work on said drainage district. He further alleges a writ of mandamus will not lie for the reason that the plaintiff has an adequate remedy at law. He also makes a general denial of the allegations in the plaintiff's petition and the alternative writ.

After this petition of intervention was filed, the plaintiff demurred to the petition

of intervention, which demurrer was by the court overruled, and exceptions saved by the plaintiff. The plaintiff then asked and was granted permission to amend the prayer of his petition by asking for an injunction. Although the petition stated facts sufficient to entitle plaintiff to an injunction, it was called an action in mandamus.

The case was tried on the 30th day of April, 1932, before the judge, without the intervention of a jury, and thereafter, on the 9th day of May, 1932, came on for final disposition.

This court has many times held that the court will look to the substance of the action rather than the form. The court properly granted an injunction to prevent the collection of illegal assessments if the allegations of the plaintiff's petition and the proof submitted justify such action. Section 13010, O. S. 1931, provides the manner of assessing property in a drainage district. Sections 13012 and 13013, O. S. 1931, provide for a hearing after due notice. At this hearing the board of county commissioners entered its final order. Plaintiff's allegations and the proof showed a failure to comply with these provisions for the reason the board of county commissioners, as alleged and proved under the uncontradicted testimony, actually excluded the land of the plaintiff from the assessment, and it was only through inadvertence and mistake of the county clerk that it was thereafter included in the proceedings. This court has held that the terms and provisions of the foregoing statute must be strictly complied with. Davis v. Board of County Commissioners of Lincoln County, 45 Okla. 284, 137 P. 114. This land having, therefore, been actually excluded from the district by the order of the board of county commissioners, the county clerk had no right to insert the same into the order and subsequent proceedings had thereon. The inserting of the same, therefore, created an illegal and void levy of assessment which became a cloud upon the title of the lands of the plaintiff.

Under these allegations and the proof made, the levy of assessment against the plaintiff's land was illegal, having been entered through such mistake and against the order of the board of county commissioners.

That injunction is a proper remedy where proceedings to enforce an illegal levy or assessment against the lands of the plaintiff have been begun, has many times been decided by this court. Section 723, O. S. 1931; Davis v. Board of Commissioners, supra: Norman v. Allen, 47 Okla. 74, 147 P. 1002;

Arnold v. City of Tulsa, 38 Okla. 129, 132 P. 669. The court had all of the necessary parties before it for the determination of the injunctive relief. That T. H. White was a proper party to intervene was properly determined. The very nature of the action makes the intervener a proper party. The right is statutory. See sections 157, 158 O. S. 1931; also section 162, O. S. 1931. But even if it were not statutory, the cause being by its nature equitable, the court should permit the bondholders to intervene. We therefore hold that the intervener, T. H. White, was a proper party to this proceeding.

There remains to be discussed the nature of the judgment entered. Obviously the order entered by the board of commissioners cannot be changed in this proceeding, for it is a final order necessary to the creation of the drainage district. But the record of the proceedings showing a levy of assessment should be canceled, and the defendants enjoined from enforcing or attempting to enforce the levy, or assessment or collection thereof, and the plaintiff's land should be freed from any cloud created by such levy, assessment or attempt to collect. That part of the judgment purporting to grant relief by mandamus should be treated as surplusage. With this modification the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.