**2013 OK 103**

**Edward A. SHADID, II, Petitioner,**

v.

**The Honorable Lisa HAMMOND, Special Judge of the District Court of Oklahoma County, Respondent,**

and

**Dina Hammam, Real Party In Interest.**

**No. 112327.**

Supreme Court of Oklahoma.

Dec. 9, 2013.

As Corrected Dec. 11, 2013.

*ORDER*

¶ 1 Original jurisdiction is assumed. Okla. Const. Art. 7 § ·4. The Oklahoma Publishing Company is directed to file a motion requesting access to the referenced court file pursuant to the Open Records Act, 51 O.S.2011 § 24A.1 et seq. The Honorable Lisa Hammond, or any other assigned judge, is directed to conduct a hearing to determine all pending matters before the court in FD–2004–6310.

¶ 2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 9th DAY OF DECEMBER, 2013.

REIF, V.C.J., KAUGER, WATT, WINCHESTER, TAYLOR (by separate writing), COMBS, GURICH, JJ., concur.

COLBERT, C.J., and EDMONDSON (by separate writing), J., concur in part and dissent in part.

---

TAYLOR, J., with whom KAUGER, J., joins, concurring:

¶ 1 I fully concur with the Order of this Court. It provides for a timely hearing with notice to all parties on an important public issue. In the spirit of giving guidance to the District Courts, I write separately to emphasize the clear intent of the Oklahoma Open Records Act. Court records are public records. There are specific statutory exceptions to this general rule (juvenile, adoption, mental health, etc.). Otherwise, documents filed with the Court Clerk's office are public records and available for public access.

¶ 2 There are no provisions in the Oklahoma Open Records Act that allow parties to simply agree to seal a public record and submit a summary agreed order to the court. Sealing a public record should be a very rare event that occurs in only the most compelling of circumstances.

¶ 3 If after very careful and independent consideration a District Court decides to seal a public record, it "shall" make a specific finding that sealing the public record is "necessary in the interests of justice to remove the material from the public record". 51 O.S. 24A.29. That is a very high standard for good reason and is required in every case.

¶ 4 All of this current litigation and expense demonstrates the very reason why courts should rarely take the drastic measure of sealing public records. After the records are sealed, those seeking to protect the public interest are required to go to great time and expense to view what were once public records. This issue should be resolved by a hearing forthwith. That was this trial judge's original plan. Local Rule 10.1 C.

¶ 5 My future guidance to the District Courts is to not block public access to court records unless it is absolutely "necessary in the interests of justice". Public records should remain public except in the most compelling of circumstances.

EDMONDSON, J., concurring in part and dissenting in part, joined by COLBERT, C.J.

¶ 1 This controversy is about the proper procedure to be used when a news organization invokes the Oklahoma Open Records Act, 51 O.S.2011 §§ 24A.1–24A.29. to gain access to a record that has been sealed and made confidential in a court proceeding where the news organization was not a party.

¶ 2 The petitioner, Edward A. Shadid, II, was a party to a divorce proceeding in the District Court for Oklahoma Court. On June 11, 2007, the assigned judge in the divorce proceeding granted a joint application to seal documents in the court clerk's file and the documents were removed from public access. In September 2013, a staff writer for the Oklahoma Publishing Company (OPUBCO) attempted to obtain the documents from the Court Clerk, and upon being informed that they were sealed the staff writer mailed a letter to the assigned judge in the divorce proceeding and requested that the documents be unsealed and thus available for public inspection.

¶ 3 The assigned judge issued an order stating that pursuant to the request in the letter the matter was set for a hearing. Petitioner objected to a hearing on the letter's request, filed a motion to strike the hearing, and then sought extraordinary relief in this Court.

¶ 4 The controversy before the Court presents issues of first impression involving the application of the Oklahoma Open Records Act and a local rule of a District Court, and whether decisions involving opening and sealing court records should be reviewed by an original action as in the present case or by an appeal. The controversy is *publici juris*, is likely to be repeated, and judicial economy is served by answering the issues now. The Court should thus assume original jurisdiction pursuant to Okla. Const. Art. 7 § 4 and issue an opinion for official publication.

¶ 5 Petitioner requests a supervisory writ of extraordinary relief. Generally, such writs are not available if a remedy by appeal exists and that remedy is adequate.[1] Analyz-

---

1. For Prohibition, *see, e.g., James v. Rogers,* 1987 OK 20, 734 P.2d 1298, 1299 (Before a writ of prohibition may issue, a petitioner must show

... that the exercise of that power will result in injury for which there is no other adequate remedy.); *Moses v. Hoebel,* 1982 OK 26, 646 P.2d 601

ing this issue requires addressing the nature of a court's order sealing records in a court file in the custody of a District Court Clerk. The order in Petitioner's case that sealed the records was rendered in the context of a statutorily provided procedure for divorce. Although divorce is a statutory proceeding, a District Court is empowered to provide ancillary or provisional remedies for the protection of parties in a matrimonial proceeding.[2]

¶ 6 This Court has discussed provisional and ancillary remedies for the protection of parties' rights, and has indicated that a particular provisional remedy may be sought in a manner that is ancillary or auxiliary to the proceeding on the merits.[3] The nomenclature of *provisional* and *ancillary* comes from the former practice of a remedy granted in an ancillary suit in equity, such as bills for discovery or to perpetuate testimony.[4] Later a party was not required to seek a remedy from a chancery court, and the ancillary remedies in equity were available in the principal case as provisional and temporary remedies because the court was simultaneously exercising jurisdiction in equity and law.[5] Records of a court are in that court's custody and control,[6] and a court pursuant to its general equity powers may issue an order which impounds and seals papers or records.[7] Some jurisdictions have stated that in a general sense the formal equitable remedies have been superseded by either rules or statutes.[8]

(prohibition will not take the place of an appeal); *Short v. Dunn*, 1937 OK 180, 180 Okla. 21, 67 P.2d 18, 21 (same); *Kutch v. Cosner*, 1950 OK 48, 202 Okla. 470, 215 P.2d 300, 302 (remedy of appeal under 12 O.S.1941 § 951 precluded prohibition).

For Mandamus, *see, e.g., Association of Classroom Teachers of Oklahoma City, Inc. v. Independent School Dist. No. 89 of Oklahoma County*, 1975 OK 118, 540 P.2d 1171, 1175 (mandamus will not issue when an adequate remedy at law exists and an appeal will lie from an adverse order of a lower court); *Dickerson v. Worten*, 1926 OK 950, 122 Okla. 76, 251 P. 52, 54 (writ of mandamus to compel judge to vacate order of dismissal was denied because the order was appealable).

2. *See, e.g., McDonald v. Wrigley*, 1994 OK 25, 870 P.2d 777, 779 ("Divorce is a statutory proceeding."); *Carpenter v. Carpenter*, 1982 OK 38, 645 P.2d 476, 481 (in a child custody controversy the Court treated a portion of father's claim as a separate cause of action for a declaratory judgment "in chancery"); *Lee v. Hester*, 1982 OK 30, 642 P.2d 243, 245–246 (Once the jurisdictional omni-competence of a District Court is properly invoked in a divorce proceeding those procedures formerly used by a chancery court for protecting a party's rights is "largely unrestricted by statute" in Oklahoma in the sense that the availability of such remedies does not hinge on the presence of some specifically tailored legislative grant.)

3. *See, e.g., Oklahoma Dept. of Securities ex rel. Faught v. Blair*, 2010 OK 16, ¶ 37, 231 P.3d 645, 665 ("A receivership is ancillary or auxiliary to proper equitable relief; that is, such relief is a provisional remedy granted only in connection with an action for some other purpose."); *Pacific Petroleum v. Sunbeam Oil Co.*, 1936 OK 61, 176 Okla. 293, 54 P.2d 1054, 1055 (An ancillary remedy is proper in certain instances as an aid to the court in administering completely the issues, rights, and remedies of the parties.).

4. McClintock, Henry L, *McClintock on Equity* (West, 2d ed.1948) pp. 547–552. *See, e.g., State ex rel. Westerheide v. Shilling*, 1942 OK 106, 190 Okla. 305, 123 P.2d 674, 677 ("The right to take depositions in law actions did not exist at common law, but is a creature of statute.").

5. *See, e.g., Noonan v. Orton*, 28 Wis. 386 (1871) ("Instead of driving a party to his action in equity to obtain the discovery sought, the ... [remedy is] given when the exigencies of the case require it, and it is a remedy outside of and beyond those ordinary proceedings in an action which relate merely to matters of practice and procedure, or which rest entirely in the discretion of the court ... it seems very clear that the same is a provisional remedy.").

6. *In re Spilman*, 2010 OK 70, ¶ 7, 240 P.3d 702, 708.

7. *Baim & Blank, Inc. v. Bruno–New York, Inc.*, 17 F.R.D. 346, 349 (S.D.N.Y.1955) (principle applied in the context of a ruling that granted a protective order against an accountant's disclosure of discovered tax documents to parties other than the litigant to which they had been given).

8. *McClintock on Equity*, at pp. 547–552. *See, e.g., Capricorn Power Co., Inc. v. Siemens Westinghouse Power*, 220 F.R.D. 429, 432–433 (W.D.Pa.2004) ("... it's important to recognize that orders to preserve documents and things have their origin within the equity power of the courts to grant injunctions.... [and] due consideration must be given to the fact that the granting of an order of preservation concerns matters within the scope of the rules of discovery as set forth in the Federal Rules of Civil Procedure.") (material omitted).

¶ 7 In Oklahoma, a District Court's equity jurisdiction to seal a record has not been supplanted by statute. Rather, the exercise of that equity jurisdiction is governed or controlled by applicable statutes, 51 O.S.2011 § 24A.25 and 51 O.S. § 24A.29, as amended by Laws 2012, c. 278.[9] On June 11, 2007, the version of § 24A.29 then in effect had been in force for less than two years and stated in part that:

A. Unless confidentiality is specifically required by law, any order directing the withholding or removal of pleadings or other material from a public record shall contain:

1. A statement that the court has determined it is necessary in the interests of justice to remove the material from the public record and in those instances where such withholding is required by law, the order shall so indicate;

51 O.S.Supp.2005 § 24A.29(A)(1) eff. November 1, 2005.

The plain language of the statute recognizes that confidentiality may occur "in those instances" which are "required by law" or in those instances when "it is necessary in the interests of justice." The latter circumstance is an obvious reference to the court's application of equity principles.[10] Section 24A.25 of the Open Records Act states that:

Any order of the court for removal of materials from the public record shall require compliance with the provisions of

---

**9.** 51 O.S. § 24A.29, as amended by Laws 2012, c. 278, eff. November 1, 2012:

A. Unless confidentiality is specifically required by law, any order directing the withholding or removal of pleadings or other material from a public record shall contain:
1. A statement that the court has determined it is necessary in the interests of justice to remove the material from the public record and in those instances where such withholding is required by law, the order shall so indicate;
2. Specific identification of the material which is to be withheld, removed or withdrawn from the public record, or which is to be filed but not placed in the public record; and
3. A requirement that any party seeking to file protected materials place such materials in a sealed manila envelope clearly marked with the caption and case number, the word "CONFIDENTIAL", and stating the date the order was entered and the name of the judge entering the order. This requirement may also be satisfied by requiring the party to file the documents pursuant to the procedure for electronically filing sealed or confidential documents approved for electronic filing in the courts of this state.
B. No protective order entered after the filing and microfilming of documents of any kind shall be construed to require the microfilm record of such filing to be amended in any fashion, and no other accounting entries may be affected by such order.
C. The party or counsel who has received the protective order shall be responsible for promptly presenting the order to appropriate supervisory court clerk personnel for action.
D. All documents produced or testimony given under a protective order shall be retained in the office of counsel until required by the court to be filed in the case.
E. Counsel for the respective parties shall be responsible for informing witnesses and other persons, as necessary, of the contents of the protective order.

F. When a case if filed in which a party intends to seek an order withholding removing material from the public record, the parties shall be initially designated on the petition under a pseudonym such as "John or Jane Doe", or "Roe", and the petition shall clearly indicate that the party designations are fictitious. The party seeking confidentiality or other order withholding or removing the case, in whole or in part from the public record, shall immediately present application to the court, seeking instructions for the conduct of the case, including confidentiality of the records.
G. It shall be the duty of the party filing confidential materials with the court to remove the materials from the custody of the court clerk within sixty (60) days after dismissal or other disposition of the main case in which the materials were filed. If the party fails to remove confidential documents, the court clerk shall be authorized to destroy without notice such materials after a period of one (1) year has elapsed since the dismissal or other disposition of the main case in which materials were filed.
H. Municipal courts shall keep confidential all personal identifying information of the parties involved in any case in municipal court, except where such information is provided to the Oklahoma Tax Commission for purposes of collection of municipal court fees. The personal identifying information that shall be kept confidential includes the following:
1. Credit card numbers;
2. Social security numbers; and
3. Bank account numbers.

**10.** *Merritt v. Merritt*, 2003 OK 68, ¶ 13, 73 P.3d 878, 883 ("The purpose of a court sitting in equity is to promote and achieve justice with some degree of flexibility."); *Toliver v. Bd. of Managers of Improved Indus. Order of Wisemen*, 1930 OK 140, 142 Okla. 187, 286 P. 294, 298–299 (A power of equity will not be exercised "unless the interests of justice so require.").

paragraphs 2 through 7 of subsection C of Section 3226 of Title 12 of the Oklahoma Statutes.

51 O.S.2011 § 24A.25.

Section 3226 is part of the Oklahoma Discovery Code, 12 O.S.2001 § 3224–3237,[11] in effect on June 11, 2007, and paragraphs 2 through 7 of "subsection C" of § 3226 provide a procedure for obtaining a protective order and for keeping material confidential.[12] A reference in § 3226(C)(2)(a) to the circumstances to remove material from the public record "in the interests of justice" corresponds to the language of 51 O.S.Supp.2005 § 24A.29(A)(1) and is a reference to a District Court's equity jurisdiction.

¶ 8 In the 2009 case of *Collier v. Reese* this Court correctly held that an order was the functional equivalent of an injunction when it sealed records, prohibited dissemination of information, and enjoined filings.[13] In *Collier* we also correctly held that the functional equivalent of an injunction in that case should be treated as an injunction for the purpose of its classification as an appealable interlocutory order. It was not the mere coercive nature of the order or its historical pedigree in equity that made the order the functional equivalent of an injunction to be treated as an interlocutory appealable order.

¶ 9 Our judicial procedure includes coercive interlocutory discovery orders which have an historical pedigree of ancillary and provisional orders, but they are nevertheless construed as interlocutory orders that are not appealable separate from an appeal from the judgment or final order.[14] Although there are various types of injunctions and they may issue for either temporary or permanent relief, they are ultimately based upon an adjudication of a legally cognizable right that would support a cause of action for equitable relief.[15] The Open Records Act

---

11. 12 O.S.2011 § 3224 states in part that: "Sections 3224 through 3237 of this title shall be known and may be cited as the Oklahoma Discovery Code."

12. 12 O.S.2001 § 3226(C)(2)-(7):

"C. PROTECTIVE ORDERS.
... 2. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of paragraph 4 of subsection A of Section 3237 of this title apply to the award of expenses incurred in relation to the motion. Any protective order of the court which has the effect of removing any material obtained by discovery from the public record shall contain the following:
a. a statement that the court has determined it is necessary in the interests of justice to remove the material from the public record,
b. specific identification of the material which is to be removed or withdrawn from the public record, or which is to be filed but not placed in the public record, and
c. a requirement that any party obtaining a protective order place the protected material in a sealed manila envelope clearly marked with the caption and case number and is clearly marked with the word "CONFIDENTIAL", and stating the date the order was entered and the name of the judge entering the order;
3. No protective order entered after the filing and microfilming of documents of any kind shall be construed to require the microfilm record of such filing to be amended in any fashion.
4. The party or counsel which has received the protective order shall be responsible for prompt-

ly presenting the order to appropriate court clerk personnel for appropriate action.
5. All documents produced or testimony given under a protective order shall be retained in the office of counsel until required by the court to be filed in the case.
6. Counsel for the respective parties shall be responsible for informing witnesses, as necessary, of the contents of the protective order.
7. When a case is filed in which a party intends to seek a protective order removing material from the public record, the plaintiff(s) and defendant(s) shall be initially designated on the petition under pseudonym such as "John or Jane Doe", or "Roe", and the petition shall clearly indicate that the party designations are fictitious. The party seeking confidentiality or other order removing the case, in whole or in part, from the public record, shall immediately present application to the court, seeking instructions for the conduct of the case, including confidentiality of the records.

13. *Collier v. Reese*, 2009 OK 86, ¶ 11, 223 P.3d 966, 971–972.

14. *Missouri–Kansas–Texas R. Co. v. State*, 1985 OK 108, 712 P.2d 40, 52; *Warren v. Myers*, 1976 OK 118, 554 P.2d 1171, 1174.

15. *Powell Briscoe, Inc. v. Peters*, 1954 OK 107, 269 P.2d 787, 791, quoting *Sunray Oil Co. v. Cortez Oil Co.*, 1941 OK 77, 188 Okla. 690, 112 P.2d 792 ("An injunction will not issue to protect a right not in esse and which may never arise, *or to restrain an act which does not give rise to a cause of action* ") (emphasis added).

does not create privacy rights; but its exceptions to disclosure indicate that under some circumstances privacy rights of individuals should be protected,[16] and the Act provides such protection for a privacy right in the context of a divorce proceeding when the personal privacy right supersedes the public's right to acquire the information because "the interests of justice" *in the particular circumstance presented* gives precedence to the individual's right. 51 O.S.2011 § 24A.29(A)(1). It is this judicial adjudication of the personal privacy right and the public's right to the information in the context of the coercive order which makes the order sealing a record the functional equivalent to an injunction and an appealable interlocutory order.

¶ 10 The remedy of an appeal from an order sealing or unsealing a record may be an adequate remedy [17] as when a court either grants or refuses to grant an injunction.[18] However, the fact that the order should be treated as an appealable interlocutory order does not necessarily mean that the remedy by an appeal will be adequate in every circumstance, such as when the time usually necessary for an appeal would result in mooting the public's claim of its right to access a judicial record.[19] Because we have not previously explained this procedure I would not

make the availability of the appellate remedy a bar to this proceeding.

¶ 11 In addition to the adequacy of an appellate relief, this Court does not usually grant prohibition in advance of the trial court's adjudication of a petitioner's challenge to the trial court's jurisdiction. However, we have stated that a party need not be compelled to use the remedy of an appeal when a proper showing has been made that a court is proceeding without jurisdiction,[20] or when a showing has been made that presenting the claim in the trial court would be futile, or that the question relates to a public interest where the remedy by appeal is inadequate.[21]

¶ 12 The letter sent to the judge stated that it was or had been the practice of a District Judge for Oklahoma County, to open a sealed record upon a letter-request from OPUBCO. The District Court hearing in this matter was not scheduled by OPUBCO as the party moving for judicial relief in a filed case, but by the judge on the letter itself which did not request a hearing. Petitioner showed a possibility of futility in pressing his claim before the District Court due to the assertions of OPUBCO that the Special Judge should follow the previous practice of a District Court Judge. Prohibi-

---

16. 51 O.S.2011 § 24A.2 states in part that: "The Oklahoma Open Records Act shall not create, directly or indirectly, any rights of privacy or any remedies for violation of any rights of privacy; ... The privacy interests of individuals are adequately protected in the specific exceptions to the Oklahoma Open Records Act or in the statutes which authorize, create or require the records."

17. I would also designate an order sealing a record as the functional equivalent of a "prohibitory injunction" that is not stayed during the pendency of an appeal; *i.e.*, a record ordered sealed would remain sealed until the appellate court determines that the record should be open. *See*, e.g., Dobbs, Dan B., *Remedies* (West Publishing, 1973) pp. 105–106 (generally, prohibitory injunctions are not stayed during an appeal while mandatory injunctions are stayed.); *City of Del City v. Harris*, 1973 OK 27, 508 P.2d 264, 266 (Court discussed one difference between mandatory and prohibitory injunctions for the purpose of a stay pending an appeal, and noted that the granting/withholding of a stay should not "create a fait accompli by the time the appeal could be determined-thus presenting issues which might be moot."). Keeping a sealed rec-

ord sealed on appeal keeps the controversy about sealing from becoming moot by the mere fact of an appeal.

18. *MacThwaite Oil & Gas Co. v. Bolen*, 1919 OK 383, 77 Okla. 155, 187 P. 221 (Syllabus by the Court states that an erroneous application of the law resulting in the issuance of an injunction will not suffice as grounds for granting prohibition as an appeal will lie from the injunction and may be superseded); *Pioneer Telephone and Telegraph Co. v. City of Bartlesville*, 1910 OK 284, 27 Okla. 214, 111 P. 207 (same).

19. *See*, e.g., *Thomas v. Hampton*, 1978 OK 114, 583 P.2d 506 (because the time for ordinary appellate review of an injunction would be an inadequate remedy, the Court assumed original jurisdiction and modified the injunction).

20. *Vogel v. Gassaway*, 1929 OK 423, 139 Okla. 61, 281 P. 302, 305, *citing Tucker v. District Court*, 1925 OK 314, 108 Okla. 198, 235 P. 610.

21. *Schofield v. Melton*, 1933 OK 447, 166 Okla. 64, 25 P.2d 279, 282.

tion may issue prior to the Special Judge hearing Petitioner's motion to strike.

¶ 13 The Open Records Act provides a remedy when a record is not provided.

B. Any person denied access to records of a public body or public official:

1. May bring a civil suit for declarative or injunctive relief, or both, but such civil suit shall be limited to records requested and denied prior to filing of the civil suit; and

2. If successful, shall be entitled to reasonable attorney fees

51 O.S.2011 § 24A.17(B).

OPUBCO asserts that the record is a record subject to the Open Records Act, but did not use the remedy provided by that Act. The Legislature did not state that this section is an exclusive remedy. The right of the People for access to public documents exists independent of the Open Records Act, and since the Open Records Act did not *create* a right, the remedy provided by § 24A.17 should not be deemed the exclusive remedy for OPUBCO.[22] However, the remedy for challenging a judicial order that affects the rights of parties appearing in a judicial proceeding is not an informal off-the-record plea to the judge by a non-party individual who is not licensed to practice law but purporting to represent another, but by a *pleading* filed by the party or entity seeking to intervene in that judicial proceeding. OPUBCO is seeking to alter the rights of parties in a legal proceeding, and its claim, as any judicial claim, must be made by a *pleading* filed in the action giving notice of its claim for relief.[23] The Due Process Clauses of both the State and Federal Constitutions *require* this procedure.[24]

¶ 14 Because an order sealing a record is the functional equivalent of an injunction *adjudicating rights* of the parties to the principal proceeding as well as the public's right to the information in a public record, limited intervention should be allowed in the principal case by one seeking to intervene to unseal a record. While it is theoretically possible for one to obtain equitable relief from a final judgment by an independent suit in the same District Court,[25] the order sealing the record is continuing in its effect and the principal case has not been closed. Generally, intervention is allowed in a proceeding where an injunction is sought.[26] I thus agree that an intervention is a possible proper method for OPUBCO to seek judicial relief.

¶ 15 Here, OPUBCO is claiming aggrieved status by the continuing nature of an injunction. If OPUBCO declines to select the remedy provided by Open Records Act, then it should file a *petition (a pleading) alleging and giving notice of its claim or cause of*

---

**22.** *See, e.g., Apache Corp. v. State ex rel. Oklahoma Tax Commission*, 2004 OK 48, ¶ 10, 98 P.3d 1061, 1064 (in the context of a statutory remedy to recover tax payments the Court has explained that when a statute creates both a right and a remedy for its enforcement the statutory remedy is exclusive).

**23.** 12 O.S.2011 § 2008 states in part that y: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim or third-party claim, shall contain: 1. A short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

**24.** *Booth v. McKnight*, 2003 OK 49, ¶¶ 20–21, 70 P.3d 855, 863 ("At the bare minimum, a constitutionally adequate notice must apprise one of the antagonist's pressed demands and of the result consequent upon default. . . . In order to accomplish that task, notice must provide one with more than the naked logistics of the hearing. For intelligently framing one's defense a *person must know what issues one will be confronted with* ") (emphasis added).

**25.** The four methods for attacking a final judgment are: (1) statutory relief from the judgment sought by motion in the original suit, (2) statutory relief from the judgment by independent suit, (3) equitable relief by independent suit, and (4) a proceeding which challenges the effect of the judgment as a collateral but crucial issue. Morgan, *Delayed Attacks on Final Judgments*, 33 Okla. L.Rev. 45, 48(1980).

**26.** *See, e.g., Mantooth v. Colbert*, 1936 OK 818, 178 Okla. 395, 62 P.2d 1235 (Syllabus by the Court) (A party whose property is clouded by an illegal and void levy of a special improvement assessment for drainage is entitled to an injunction to prevent the levy, enforcement, or collection thereof, and a judgment canceling such levy of record; and the holder of the improvement bonds issued on such drainage district in connection therewith is a proper party to intervene in such action.).

*action to modify or vacate the injunction and that it is seeking to intervene* in the divorce proceeding for the limited purpose of adjudicating the public's right of access to a public record. OPUBCO must give proper notice to the parties in the proceeding as required by the Oklahoma Pleading Code. The Court's requirement for filing a "motion" is incorrect. OPUBCO, seeking the *party* status by intervention *must file a pleading* setting forth its cause of action. Claims (or to use the older designation, causes of action) are not judicially presented by motion, but by pleadings.

¶ 16 I agree that prohibition should issue, and that OPUBCO should be directed to give proper notice of its claim if it desires judicial relief in unsealing a judicial record. I agree with the Court that the underlying issue whether the record should be unsealed is an adjudication which should be made first by the trial court. However, I would make the Court's disposition here by a published opinion to give guidance to the District Courts on how to handle requests for unsealing court records.