GOOD v. FARMERS INSURANCE CO.
2023 OK CIV APP 28
Case Number: 120257
Decided: 02/15/2023
Mandate Issued: 09/13/2023
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2023 OK CIV APP 28, __ P.3d __

 

BRENDA GOOD, Plaintiff
v.
FARMERS INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; and KRHIS FOWLER, Defendants/Appellees,
and
COLE NEWBY and TERI NEWBY, Intervenors/Appellants.

APPEAL FROM THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA

HONORABLE PHILLIP C. CORLEY, TRIAL JUDGE

AFFIRMED, IN PART, REVERSED, IN PART, AND REMANDED

Edward L. White, EDWARD L. WHITE, PC, Edmond, Oklahoma,
Jim Buxton, BUXTON LAW GROUP, Oklahoma City, Oklahoma,
and
Spencer Habluetzel, HALL & LUDLAM, PLLC, Oklahoma City, Oklahoma, for Intervenors/Appellants,

Phil R. Richards, Kelsie M. Sullivan, RICHARDS & CONNER, Tulsa, Oklahoma,
and
William S. Leach, Katie G. Crane, MCAFEE & TAFT, Tulsa, Oklahoma, for Defendants/Appellees.

THOMAS E. PRINCE, JUDGE, PRESIDING JUDGE:

¶1 This appeal arises out of the denial of a Motion to Intervene filed by Cole and Teri Newby. The Newbys filed an action in Oklahoma County against Farmers. They sought permissive intervention as nonparties in this case after the District Court of Oklahoma County denied their request to access information subject to a Protective Order entered by the trial court here (in Payne County). The Newbys claim that the information subject to the Protective Order should be made available to them because the trial court failed to comply with Oklahoma law when it entered the Protective Order. They assert that the information covered by the Protective Order is essential to their cause of action in Oklahoma County. We find that the Newbys had standing to intervene in this action and that the trial court did not comply with the Open Records Act when it allowed records in the court file to be sealed or to be filed by the Parties under seal. Compliance with the Open Records Act is mandatory in all cases. Therefore, the matter must be reversed and remanded to the trial court for further proceedings. However, we find that the trial court had discretion to deny the Newbys' request for access to all discovery materials that were not filed of record and, further, that the trial court did not abuse its discretion in that regard. Consequently, the decision of the trial court is affirmed, in part, reversed, in part, and remanded.

BACKGROUND

¶2 The claim for relief at issue in this action (which has been dismissed) was for the alleged bad faith denial of a homeowner's insurance claim stemming from an alleged earthquake and also included the allegation that Farmers had wrongfully engaged in a pattern and practice of denying earthquake damage claims. Following the initiation of this action on March 8, 2017, a Protective Order was entered (on December 5, 2017). The Protective Order was later modified (on November 30, 2020).12 O.S. § 322651 O.S. § 24A.2912 O.S. § 322651 O.S. § 24A.29

¶3 This action was vigorously contested by the Parties until its dismissal on April 6, 2021, when the case was voluntarily dismissed with prejudice prior to being tried. The strenuousness of the litigation is exemplified by the numerous discovery disputes reflected in the record. In that context, Farmers sought a writ of prohibition from the State Supreme Court regarding a specific discovery dispute. Although the Supreme Court ultimately denied the assumption of original jurisdiction, the filings in that original jurisdiction proceeding reveal the unusual degree to which the Parties had engaged in forensic combat.

¶4 The Newbys claim that, although fifty-nine documents were filed under seal in this action, none of those filings were supported by a corresponding motion, and that only two of those filings were sanctioned by an order of the trial court that they be filed as "sealed" documents and, thereby, removed from the public view. Additionally, the two Orders of the trial court that, in fact, authorized the filing of certain documents under seal and outside the public view (dated December 19, 2019 & October 26, 2020) did not contain the specific statutorily required finding "that the court has determined it is necessary in the interests of justice to remove the material from the public record . . .". 12 O.S. 3226(C)(2)(a). See 51 O.S. § 24A.29

¶5 On September 13, 2019, Cole Newby and Teri Newby initiated a separate action against Farmers in the District Court of Oklahoma County.12 O.S. § 2024Good plaintiffs in the over ten million pages of production."Good case . . . . It would be ideal to be able to access those. I don't think I have the authority to do that . . . . [Y]ou have the ability to do discovery in your case. To what extent, that's yet to be determined . . . ." On February 8, 2022, the trial court here denied the Motion to Intervene (and, consequently, the request for Farmers to produce the documents covered by the Protective Order). This timely appeal followed.

STANDARD OF REVIEW

¶6 The Newbys' appeal is reviewed for abuse of discretion because a trial court's ruling either granting or refusing to allow intervention is reviewed for abuse of discretion. Tulsa Rock Co. v. Williams, 1982 OK 10640 P.2d 530Deen v. Fruehauf Corp., 1977 OK 27562 P.2d 505Barnett v. Bodley, 1959 OK 274348 P.2d 502Franklin v. Margay Oil Corporation, 1944 OK 316153 P.2d 486Abel v. Tisdale, 1980 OK 161619 P.2d 608Hess v. Volkswagen Group of America, Inc., 2014 OK 111341 P.3d 662

ANALYSIS

¶7 The Newbys present four propositions of error on appeal. The first two propositions address procedural issues. The Newbys assert that they have standing to intervene in this case and seek modification of the Protective Order. They also claim that the proper procedure in order to obtain modification of the Protective Order is to file a motion. Farmers objects on the basis that the trial court did not abuse its discretion when it denied the Newbys' request to intervene and, in addition, since the Good case has been dismissed with prejudice, according to Farmers, there is no pending lawsuit into which the Newbys could intervene. In the third proposition, the Newbys claim that the trial court committed error when it refused to unseal court filings because the trial court did not comply with the Open Records Act and the Discovery Code when the records were initially sealed by the court. The Newbys stress that public policy favors keeping public records available for public access. The Newbys argue that any error committed by the trial court cannot be cured at this time since this case has been dismissed. In the fourth and final proposition, the Newbys claim that the Protective Order should be lifted with respect to all unfiled documents, approximately ten million pages of documents, produced by Farmers during the Good litigation. The Newbys assert that the Protective Order does not prevent Farmers from distributing its own documents, that there is no reason why they should not be able to obtain the same records that have already been compiled and produced, that the Oklahoma Pleading Code requires all discovery materials to be filed absent a court order, and that the unfiled discovery documents are public records subject to the Open Records Act. After consideration of all arguments raised by the Parties, we find that the Newbys had standing to intervene for the limited purpose of seeking access to the record and discovery subject to the Protective Order, that the trial court did not comply with the Open Records Act to the extent that documents were filed under seal, and that the trial court did not abuse its discretion when it denied the Newbys' request to have access to discovery documents produced by Farmers. Each issue is addressed in turn.

Standing to Seek Permissive Intervention.

¶8 The Newbys claim that they have standing to intervene in this action for the limited purpose of seeking a modification of the Protective Order. In United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, the Court indicated that the correct procedure for a nonparty to gain access to discovery subject to a protective order is for the nonparty to seek permissive intervention for that purpose.Id., at 1427. As long as a protective order remains in effect, the court that entered the protective order has the power to modify it even if the underlying lawsuit has been dismissed. Id. However, the court does not have power "to impose any new, affirmative requirements on the parties relating to discovery." Id., at 1428. When a nonparty seeks permissive intervention "solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." Id., at 1427. Decisions regarding permissive intervention and modification of protective orders are left to the discretion of the trial court and those decisions will not be reversed absent a showing of clear abuse. Id. Here, the Newbys' lawsuit in Oklahoma County involves a claim that Farmers systematically denied claims made as a result of earthquake damage in bad faith, which is similar to the claim that was made by Good in this action.12 O.S. § 2024Shadid v. Hammond, 2013 OK 103315 P.3d 100812 O.S. § 2024

The Open Records Act and Sealed Court Records.

¶9 The Newbys' third proposition includes two subparts. The Newbys first contend that, because the trial court did not comply with the Open Records Act and the Discovery Code when the Parties in the Good case filed fifty-nine documents under seal, all documents must now be unsealed and available for public access and further argue that the trial court does not have the authority, post-dismissal, to cure any errors. The Newbys further argue that, at the very least, the summary judgment pleadings should be unsealed in order to avoid violating the common law and state and federal constitutions. They argue that, even if documents are designated as confidential under a protective order, discovery materials will lose confidential status, absent a compelling reason, once the documents are introduced into evidence at trial or filed in connection with a motion for summary judgment. While we agree that the mandatory procedures set out in the Open Records Act must be satisfied for each filing "under seal", we do not agree with the Newbys' claim that the trial court is powerless at this time to correct any errors and, consequently, that all of the documents must now be unsealed and made available for public access.

¶10 Title 51 O.S. § 24A.2551 O.S. § 24A.29

A. Unless confidentiality is specifically required by law, any order directing the withholding or removal of pleadings or other material from a public record shall contain:

1. A statement that the court has determined it is necessary in the interests of justice to remove the material from the public record and in those instances where such withholding is required by law, the order shall so indicate;

2. Specific identification of the material which is to be withheld, removed or withdrawn from the public record, or which is to be filed but not placed in the public record; and

3. A requirement that any party seeking to file protected materials place such materials in a sealed manila envelope clearly marked with the caption and case number, the word "CONFIDENTIAL", and stating the date the order was entered and the name of the judge entering the order.

51 O.S. § 24A.2951 O.S. § 24A.25Shadid v. Hammond, 2013 OK 103315 P.3d 1008Shadid that the requirement in the statute for the court to make a finding that it is necessary in the interest of justice to remove the material from the public record is a "very high standard for good reason and is required in every case." Id., at ¶ 3 (TAYLOR, J., with whom KAUGER, J., joins, concurring).

¶11 Generally, all court records shall be considered public records and shall be subject to the provisions of the Oklahoma Open Records Act. 51 O.S. § 24A.3051 O.S. § 24A.30

If confidentiality is not required by statute, the court may seal a record or portion of a record only if a compelling privacy interest exists which outweighs the public's interest in the record. In all cases where the court is sealing a record or portion of a record, the court shall enter an order which shall be public and shall:

1. Make findings of fact which identify the facts which the court relied upon in entering its order;

2. Make conclusions of law specific enough so that the public is aware of the legal basis for sealing of the record;

3. Utilize the least restrictive means for achieving confidentiality; and

4. Be narrowly tailored so that only the portions of the record subject to confidentiality are sealed and the remainder of the record is kept open.

51 O.S. § 24A.30In re the Marriage of Mitchell, 2021 OK CIV APP 17491 P.3d 759

¶12 After a thorough review of the trial court and appellate records, it is clear that the documents filed under seal, which prevented information from becoming a part of the public record, were not filed in accordance with the requirements of the Open Records Act. The Parties also did not comply with the provision contained in the Protective Order requiring a Party to file a motion conforming to the requirements set forth in 12 O.S. § 322651 O.S. § 24A.2951 O.S. § 24A.2

Unfiled Documents Produced in Discovery.

¶13 The Newbys' fourth proposition addresses documents produced in discovery but not filed of record. The fourth proposition is divided into four subparts. The Newbys initially argue that the Protective Order cannot be utilized to prevent a party that produced documents in discovery from subsequently being obligated to produce the same documents in other litigation. This point was conceded by Farmers. At page nineteen of their Answer Brief, Farmers states that: "Although the Newbys correctly assert that the Good protective order could not shield Farmers from producing the same information in another lawsuit..." We agree, and find that, to the extent the same information is requested in discovery directly from Farmers in another lawsuit, the Protective Order in this case does not prevent the Newbys from having access to the information as long as the trial court in the Oklahoma County action allows the discovery.

¶14 In the remaining three subparts of the fourth proposition, the Newbys argue that they should be provided access to the millions of documents produced by Farmers in the Good litigation because the discovery documents are or have become public records. The Newbys claim that the Oklahoma Pleading Code, pursuant to 12 O.S. § 200512 O.S. § 2005Good litigation. In addition, on at least one occasion, the trial court ruled that the discovery materials were not public records. At a hearing held on February 28, 2019, the trial court stated:

[A]s it relates to the confidentiality issue, my practice typically is that discovery materials are not in and of themselves public materials. I will allow -- I try to allow latitude for discovery so that parties can obtain all things that they are looking for or may find pursuant to this case, which I've tried to do in this matter. My position is that discovery should not be disseminated outside the lawsuit until the matters have been admitted into evidence.

If a matter is admitted into evidence at trial, whether depositions are admitted or testimony is admitted, then I believe that's what Justice Taylor was talking about was confidentiality through trial material, not discovery material. If it's admitted at trial, it's probably going to be public record. It's going to be allowed to be provided to the public. It will not be confidential. It will not be sealed.

This Court will not now require Farmers to file millions of documents with the Payne County Court Clerk after the case has been dismissed with prejudice upon demand of a nonparty to the lawsuit. The Newbys assert that, because 12 O.S. § 2005

¶15 The Newbys next argue that since the documents have been produced to the Attorney General, the documents should now be produced to them because the Attorney General is held to a higher burden than private litigants. They argue that the Attorney General must demonstrate that extraordinary circumstances exist before the government can obtain records subject to a protective order whereas extraordinary circumstances are not required for private litigants. First, the "extraordinary circumstances" test referred to by the Newbys is included in the United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424 (1990), decision. In that case, the Court discussed whether protective orders should be modified in order to avoid duplicative discovery. Id., at 1428. The United Nuclear Court noted that some courts have adopted a presumption in favor of the continued integrity of the protective order, others have tipped the balance in favor of avoiding duplicative discovery, and still others have simply left the balancing to the discretion of the trial court. Id. One case cited by the Court held that protective orders are only modifiable under extraordinary circumstances. Id. At footnote 1, the United Nuclear Court stated that: "Other courts have assumed that the Second Circuit's 'extraordinary circumstances' test applies only when the government is the collateral litigant seeking to avoid duplicative discovery, because of the government's vast investigatorial resources and power for oppression." Id., at 1428. The United Nuclear Court agreed with the view that duplicative discovery should be avoided but, according to the decision, there is no consensus among the federal courts. Id. Here, the trial court required the Attorney General to comply with the Protective Order before allowing access to the discovery produced by Farmers. That decision was within the discretion of the trial court. The decision of the trial court denying the Newbys access to the discovery documents was also within the discretion of the trial court. Furthermore, a wholesale disclosure of millions of documents may go far beyond the discovery that the Newbys would be entitled to seek in the Oklahoma County action. The Newbys have the ability to seek discovery in their Oklahoma County case and, as a result, we find that the trial court did not abuse its discretion when it denied the Newbys' request for production of the same documents produced in the Good litigation on the basis that the documents have been provided to the Attorney General.

¶16 The Newbys contend in their final argument that the unfiled discovery documents are public records because Farmers gave its unfiled documents to the Attorney General. The Newbys contend that although the Open Records Act allows the Attorney General to keep litigation files and investigatory reports confidential under 51 O.S. § 24A.1251 O.S. § 24A.2051 O.S. § 24A.20

Access to records, which, under the Oklahoma Open Records Act, would otherwise be available for public inspection and copying, shall not be denied because a public body or public official is using or has taken possession of such records for investigatory purposes or has placed the records in a litigation or investigation file.

51 O.S. § 24A.20

CONCLUSION

¶17 The Newbys had standing to seek a modification of the Protective Order and to seek access to information filed of record. Due to the public policy favoring public access to all court records, and since the trial court and the Parties did not strictly comply with the Open Records Act before allowing documents to be sealed, we find that the trial court's Order of February 8, 2022, denying the "Nonparty Newby's [sic] Motion to Intervene to Declare Protective Order Inapplicable or Otherwise Lift its Restrictions" is reversed, that the Newbys' request to intervene for the limited purpose of challenging the Protective Order is granted and that the matter is remanded to the trial court for the purpose of reviewing the merits of the Newbys' request under the Open Records Act and, as deemed appropriate under the Open Records Act, to make the mandatory findings required thereby to either (a) enter a Modified Protective Order to revise and correct the Protective Order in the event it is determined that the sealed documents should remain confidential, in whole or part; or, (b) alternatively, dissolve the Protective Order in the event it is determined that the sealed documents should be made available for public inspection. We further find that documents produced in discovery are not public records and it was within the discretion of the trial court to grant or deny the Newbys' request for production of those documents. We additionally find that the trial court did not abuse its discretion when it denied the Newbys' request for production of all unfiled discovery documents.

MITCHELL, C.J., and BELL, J., concur.

FOOTNOTES

12 O.S. § 202412 O.S. § 3226State ex rel. Tal v. City of Oklahoma City, 2002 OK 9761 P.3d 234 State ex rel. Okla. State Bd. of Medical Licensure and Supervision v. Rivero, 2021 OK 31489 P.3d 36

See footnote 3. Until that appeal is resolved and the case is concluded at the trial court level, the lawsuit is still viable and, therefore, the information requested by the Newbys that is subject to the Protective Order in this case is potentially relevant to that action.

Good in the Oklahoma County action.