GOOD v. FARMERS INSURANCE CO.
2023 OK CIV APP 28
Case Number: 120257
Decided: 02/15/2023
Mandate Issued: 09/13/2023
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2023 OK CIV APP 28, __ P.3d __

 
BRENDA GOOD, Plaintiff
v.
FARMERS INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; and KRHIS FOWLER, Defendants/Appellees,
and
COLE NEWBY and TERI NEWBY, Intervenors/Appellants.
APPEAL FROM THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA
HONORABLE PHILLIP C. CORLEY, TRIAL JUDGE
AFFIRMED, IN PART, REVERSED, IN PART, AND REMANDED
Edward L. White, EDWARD L. WHITE, PC, Edmond, Oklahoma,
Jim Buxton, BUXTON LAW GROUP, Oklahoma City, Oklahoma,
and
Spencer Habluetzel, HALL & LUDLAM, PLLC, Oklahoma City, Oklahoma, for Intervenors/Appellants,
Phil R. Richards, Kelsie M. Sullivan, RICHARDS & CONNER, Tulsa, Oklahoma,
and
William S. Leach, Katie G. Crane, MCAFEE & TAFT, Tulsa, Oklahoma, for Defendants/Appellees.
THOMAS E. PRINCE, JUDGE, PRESIDING JUDGE:
¶1 This appeal arises out of the denial of a Motion to Intervene filed by Cole and Teri Newby. The Newbys filed an action in Oklahoma County against Farmers. They sought permissive intervention as nonparties in this case after the District Court of Oklahoma County denied their request to access information subject to a Protective Order entered by the trial court here (in Payne County). The Newbys claim that the information subject to the Protective Order should be made available to them because the trial court failed to comply with Oklahoma law when it entered the Protective Order. They assert that the information covered by the Protective Order is essential to their cause of action in Oklahoma County. We find that the Newbys had standing to intervene in this action and that the trial court did not comply with the Open Records Act when it allowed records in the court file to be sealed or to be filed by the Parties under seal. Compliance with the Open Records Act is mandatory in all cases. Therefore, the matter must be reversed and remanded to the trial court for further proceedings. However, we find that the trial court had discretion to deny the Newbys' request for access to all discovery materials that were not filed of record and, further, that the trial court did not abuse its discretion in that regard. Consequently, the decision of the trial court is affirmed, in part, reversed, in part, and remanded.
BACKGROUND
¶2 The claim for relief at issue in this action (which has been dismissed) was for the alleged bad faith denial of a homeowner's insurance claim stemming from an alleged earthquake and also included the allegation that Farmers had wrongfully engaged in a pattern and practice of denying earthquake damage claims. Following the initiation of this action on March 8, 2017, a Protective Order was entered (on December 5, 2017). The Protective Order was later modified (on November 30, 2020). Language was included in the Protective Order that required the Parties, their counsel and various other identified persons to maintain the designated confidential information "in utmost confidentiality . . ." and to not disseminate the information publicly or use it in a manner inconsistent with the Protective Order's provisions. The Protective Order established that the trial court would "retain jurisdiction to enforce . . ." the terms thereof, and that the terms and conditions thereof would remain in full force and effect and survive the final resolution of this litigation. Additionally, the Protective Order stated that the Parties were required to comply with (C)2 and , in the event a need arose to file any designated document under seal with the court clerk's office. The Protective Order specifically included the following provision: "All requests made by a party for a document to be filed 'under seal' in accordance with this Protective Order shall be made by motion and conform to the requirements set forth in (C)2 and ." The only material difference between the original Protective Order entered on December 5, 2017, and the Modified Protective Order, entered on November 30, 2020, was to grant a limited authorization to Brenda Good's counsel to utilize any document or testimony that had been obtained in the litigation "in any other court [where similar claims had been made against Farmers and in which Brenda Good's counsel also represented] one or more of the plaintiffs . . .".
¶3 This action was vigorously contested by the Parties until its dismissal on April 6, 2021, when the case was voluntarily dismissed with prejudice prior to being tried. The strenuousness of the litigation is exemplified by the numerous discovery disputes reflected in the record. In that context, Farmers sought a writ of prohibition from the State Supreme Court regarding a specific discovery dispute. Although the Supreme Court ultimately denied the assumption of original jurisdiction, the filings in that original jurisdiction proceeding reveal the unusual degree to which the Parties had engaged in forensic combat. Subsequently, on April 9, 2019, in response to a Motion to File Under Seal by Farmers, the trial court ruled, in part, that "discovery materials, including documents and testimony obtained during discovery do not constitute public materials and are not to be disseminated outside of this lawsuit until admitted into evidence at trial." Brenda Good filed a Motion for Summary Judgment (under seal) on November 22, 2019. Farmers filed its Motion for Summary Judgment (also under seal) on January 10, 2020. The trial court overruled the competing dispositive motions on March 5, 2020. On April 6, 2021, on the eve of a trial date being set, Good voluntarily filed a Dismissal with Prejudice.
¶4 The Newbys claim that, although fifty-nine documents were filed under seal in this action, none of those filings were supported by a corresponding motion, and that only two of those filings were sanctioned by an order of the trial court that they be filed as "sealed" documents and, thereby, removed from the public view. Additionally, the two Orders of the trial court that, in fact, authorized the filing of certain documents under seal and outside the public view (dated December 19, 2019 & October 26, 2020) did not contain the specific statutorily required finding "that the court has determined it is necessary in the interests of justice to remove the material from the public record . . .". 12 O.S. 3226(C)(2)(a). See . Although Farmers does not contest that fifty-nine items were filed under seal, Farmers counters that the number of sealed filings includes transcripts and also that there were a total of three hundred and fifty-two filings in the case up to the date of the filing of the dismissal with prejudice.
¶5 On September 13, 2019, Cole Newby and Teri Newby initiated a separate action against Farmers in the District Court of Oklahoma County. The claims made in the Oklahoma County action were similar to the claims that had previously been made in this action. Brenda Good's counsel did not represent the Newbys in the Oklahoma County action. On November 1, 2021, seven months following the dismissal with prejudice of this action, the Newbys filed a motion (in this case) entitled "Nonparty Newby's [sic] Motion to Intervene to Declare Protective Order Inapplicable or Otherwise Lift its Restrictions," seeking permissive intervention, based on (B). That motion requested the trial court to unseal all documents that had been filed under seal and to declare that the Confidentiality Protective Order previously entered by the trial court does not prevent Farmers from producing covered documents in other litigation or, alternatively, to lift the Protective Order as to unfiled documents that had been produced in discovery by Farmers. The record in this appeal shows that the Newbys did not independently submit the same discovery requests in the Oklahoma County action that Good had previously submitted to Farmers in this action. In contrast to the action of Good, the Newbys attempted to secure from Farmers (in the Oklahoma County action) the very documents that Farmers had previously produced in this case. In the face of those requests, Farmers filed a Motion for Protective Order on September 10, 2021. The trial court in the Oklahoma County action granted Farmers' Motion for Protective Order on October 5, 2021, and ruled from the bench that he found that he did not have the authority to "invade [or] . . . modify [Judge Corley's Protective Order] or . . . allow . . . production of those records unless it's with Judge Corley's blessing . . .". The Motion to Intervene filed by the Newbys in this action (less than 30 days following the October 5, 2021, ruling in the Oklahoma County action) alleges that "it is highly likely Farmers produced Newby's claim documents to the Good plaintiffs in the over ten million pages of production." Having been precluded from obtaining the very documents that had been produced in the Oklahoma County action, the Newbys argued in this case, in their Motion to Intervene, that "[t]here is no reason why [the documents in question] . . . should be locked up solely in Payne County forcing all other victims across the state to either duplicate the expensive discovery process in their own cases or make a pilgrimage to Payne County." When presented with the "cost-effectiveness" argument in Oklahoma County, the trial court in the Oklahoma County action stated from the bench, in part, as follows: "I would consider any request to do depositions . . . I would allow discovery. I'm certain there would be an objection, and then we would determine whether or not discovery can proceed . . . . But, I mean, I have jurisdiction over that issue. And I'm not going to sit here and say we could do it a lot more efficient [sic], a lot more cost-effective if we just -- if you just . . . have all of the records from the Good case . . . . It would be ideal to be able to access those. I don't think I have the authority to do that . . . . [Y]ou have the ability to do discovery in your case. To what extent, that's yet to be determined . . . ." On February 8, 2022, the trial court here denied the Motion to Intervene (and, consequently, the request for Farmers to produce the documents covered by the Protective Order). This timely appeal followed.
STANDARD OF REVIEW
¶6 The Newbys' appeal is reviewed for abuse of discretion because a trial court's ruling either granting or refusing to allow intervention is reviewed for abuse of discretion. Tulsa Rock Co. v. Williams, , ¶ 5, , 532, citing Deen v. Fruehauf Corp., , ; Barnett v. Bodley, , ; Franklin v. Margay Oil Corporation, , . "To reverse a trial court on the ground of abuse of discretion it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." Abel v. Tisdale, , ¶ 20, , 612. Reversal is only justified, in other words, "where the lower court ruling is without rational basis in the evidence or where it is based upon erroneous legal conclusions." Hess v. Volkswagen Group of America, Inc., , ¶ 9, , 666.
ANALYSIS
¶7 The Newbys present four propositions of error on appeal. The first two propositions address procedural issues. The Newbys assert that they have standing to intervene in this case and seek modification of the Protective Order. They also claim that the proper procedure in order to obtain modification of the Protective Order is to file a motion. Farmers objects on the basis that the trial court did not abuse its discretion when it denied the Newbys' request to intervene and, in addition, since the Good case has been dismissed with prejudice, according to Farmers, there is no pending lawsuit into which the Newbys could intervene. In the third proposition, the Newbys claim that the trial court committed error when it refused to unseal court filings because the trial court did not comply with the Open Records Act and the Discovery Code when the records were initially sealed by the court. The Newbys stress that public policy favors keeping public records available for public access. The Newbys argue that any error committed by the trial court cannot be cured at this time since this case has been dismissed. In the fourth and final proposition, the Newbys claim that the Protective Order should be lifted with respect to all unfiled documents, approximately ten million pages of documents, produced by Farmers during the Good litigation. The Newbys assert that the Protective Order does not prevent Farmers from distributing its own documents, that there is no reason why they should not be able to obtain the same records that have already been compiled and produced, that the Oklahoma Pleading Code requires all discovery materials to be filed absent a court order, and that the unfiled discovery documents are public records subject to the Open Records Act. After consideration of all arguments raised by the Parties, we find that the Newbys had standing to intervene for the limited purpose of seeking access to the record and discovery subject to the Protective Order, that the trial court did not comply with the Open Records Act to the extent that documents were filed under seal, and that the trial court did not abuse its discretion when it denied the Newbys' request to have access to discovery documents produced by Farmers. Each issue is addressed in turn.
Standing to Seek Permissive Intervention.
¶8 The Newbys claim that they have standing to intervene in this action for the limited purpose of seeking a modification of the Protective Order. In United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, the Court indicated that the correct procedure for a nonparty to gain access to discovery subject to a protective order is for the nonparty to seek permissive intervention for that purpose. Id., at 1427. As long as a protective order remains in effect, the court that entered the protective order has the power to modify it even if the underlying lawsuit has been dismissed. Id. However, the court does not have power "to impose any new, affirmative requirements on the parties relating to discovery." Id., at 1428. When a nonparty seeks permissive intervention "solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." Id., at 1427. Decisions regarding permissive intervention and modification of protective orders are left to the discretion of the trial court and those decisions will not be reversed absent a showing of clear abuse. Id. Here, the Newbys' lawsuit in Oklahoma County involves a claim that Farmers systematically denied claims made as a result of earthquake damage in bad faith, which is similar to the claim that was made by Good in this action. Therefore, we find that the Newbys had standing to seek intervention for the limited purpose of gaining access to discovery subject to the Protective Order in this case. The Newbys next argue, and we agree, that the proper procedure for seeking permissive intervention is by motion. Under (C), and the majority Opinion in Shadid v. Hammond, , ¶ 1, , a motion is the proper mechanism for seeking access to the sealed portions of the court file and allows nonparties to seek permissive intervention by motion. We, therefore, find that it was appropriate for the Newbys to proceed with their action to intervene by filing a motion.
The Open Records Act and Sealed Court Records.
¶9 The Newbys' third proposition includes two subparts. The Newbys first contend that, because the trial court did not comply with the Open Records Act and the Discovery Code when the Parties in the Good case filed fifty-nine documents under seal, all documents must now be unsealed and available for public access and further argue that the trial court does not have the authority, post-dismissal, to cure any errors. The Newbys further argue that, at the very least, the summary judgment pleadings should be unsealed in order to avoid violating the common law and state and federal constitutions. They argue that, even if documents are designated as confidential under a protective order, discovery materials will lose confidential status, absent a compelling reason, once the documents are introduced into evidence at trial or filed in connection with a motion for summary judgment. While we agree that the mandatory procedures set out in the Open Records Act must be satisfied for each filing "under seal", we do not agree with the Newbys' claim that the trial court is powerless at this time to correct any errors and, consequently, that all of the documents must now be unsealed and made available for public access.
¶10 Title , § 24A.29, and § 24A.30, set out a mandatory procedure for removing or withholding any court filing from the public record or for public inspection (i.e., to file "under seal"). Title , states, in part, that:
A. Unless confidentiality is specifically required by law, any order directing the withholding or removal of pleadings or other material from a public record shall contain:
1. A statement that the court has determined it is necessary in the interests of justice to remove the material from the public record and in those instances where such withholding is required by law, the order shall so indicate;
2. Specific identification of the material which is to be withheld, removed or withdrawn from the public record, or which is to be filed but not placed in the public record; and
3. A requirement that any party seeking to file protected materials place such materials in a sealed manila envelope clearly marked with the caption and case number, the word "CONFIDENTIAL", and stating the date the order was entered and the name of the judge entering the order.
 (emphasis added). Title , states that: "Any order of the court for removal of materials from the public record shall require compliance with the provisions of paragraphs 2 through 7 of subsection C of Section 3226 of Title 12 of the Oklahoma Statutes." In Shadid v. Hammond, , , Justice Taylor wrote, in his concurring opinion in Shadid that the requirement in the statute for the court to make a finding that it is necessary in the interest of justice to remove the material from the public record is a "very high standard for good reason and is required in every case." Id., at ¶ 3 (TAYLOR, J., with whom KAUGER, J., joins, concurring).
¶11 Generally, all court records shall be considered public records and shall be subject to the provisions of the Oklahoma Open Records Act. . Title , specifically states, in part, that:
If confidentiality is not required by statute, the court may seal a record or portion of a record only if a compelling privacy interest exists which outweighs the public's interest in the record. In all cases where the court is sealing a record or portion of a record, the court shall enter an order which shall be public and shall:
1. Make findings of fact which identify the facts which the court relied upon in entering its order;
2. Make conclusions of law specific enough so that the public is aware of the legal basis for sealing of the record;
3. Utilize the least restrictive means for achieving confidentiality; and
4. Be narrowly tailored so that only the portions of the record subject to confidentiality are sealed and the remainder of the record is kept open.
 (emphasis added). "Judicial records are subject to a presumption of public access, whether based on statute, common law, or First Amendment constitutional principles." In re the Marriage of Mitchell, , ¶ 29, , 765 (citations omitted).
¶12 After a thorough review of the trial court and appellate records, it is clear that the documents filed under seal, which prevented information from becoming a part of the public record, were not filed in accordance with the requirements of the Open Records Act. The Parties also did not comply with the provision contained in the Protective Order requiring a Party to file a motion conforming to the requirements set forth in (C) and , before filing documents under seal. Due to the public policy considerations set forth in , the Court finds that strict compliance with the Open Records Act is required before material may be sealed or removed from the public record. However, that does not mean that the trial court, at this time, is powerless to correct any errors. We find that the trial court has authority to modify the Protective Order, or to issue additional orders which may be necessary, in order to comply with the Open Records Act. This finding applies to all information that has been filed but withheld or removed from the public record, regardless of whether the documents were filed in connection with a motion for summary judgment. Ordering public disclosure of all sealed documents because the trial court or the Parties did not initially comply with the Open Records Act could lead to severe, irreversible consequences and disclosure of information to the public that should not be accessible. We, therefore, find that the trial court's Order of February 8, 2022, denying the "Nonparty Newby's [sic] Motion to Intervene to Declare Protective Order Inapplicable or Otherwise Lift its Restrictions" should be reversed, that the Newbys' request to intervene for the limited purpose of challenging the Protective Order should be granted and that the matter be remanded to the trial court for the purpose of reviewing the merits of the Newbys' request under the Open Records Act and, as deemed appropriate under the Open Records Act, to make the mandatory findings required thereby to either (a) enter a Modified Protective Order to revise and correct the Protective Order in the event it is determined that the sealed documents should remain confidential, in whole or part; or, (b) alternatively, dissolve the Protective Order in the event it is determined that the sealed documents should be made available for public inspection.
Unfiled Documents Produced in Discovery.
¶13 The Newbys' fourth proposition addresses documents produced in discovery but not filed of record. The fourth proposition is divided into four subparts. The Newbys initially argue that the Protective Order cannot be utilized to prevent a party that produced documents in discovery from subsequently being obligated to produce the same documents in other litigation. This point was conceded by Farmers. At page nineteen of their Answer Brief, Farmers states that: "Although the Newbys correctly assert that the Good protective order could not shield Farmers from producing the same information in another lawsuit..." We agree, and find that, to the extent the same information is requested in discovery directly from Farmers in another lawsuit, the Protective Order in this case does not prevent the Newbys from having access to the information as long as the trial court in the Oklahoma County action allows the discovery.
¶14 In the remaining three subparts of the fourth proposition, the Newbys argue that they should be provided access to the millions of documents produced by Farmers in the Good litigation because the discovery documents are or have become public records. The Newbys claim that the Oklahoma Pleading Code, pursuant to (D), requires all discovery materials to be filed unless there is a court order stating that filing documents produced in discovery is not necessary. Since there is no court order from the trial court ordering the Parties not to file discovery documents, according to the Newbys, the documents should now be filed and considered public records. We disagree. As opposed to the mandatory requirements of the Open Records Act that must be observed in every case before information may be removed from the public record, the trial court has discretion to enter orders that do not require litigants to file every document produced in discovery. Neither the Parties, nor the trial court demanded technical compliance with (D), throughout the pendency of the Good litigation. In addition, on at least one occasion, the trial court ruled that the discovery materials were not public records. At a hearing held on February 28, 2019, the trial court stated:
[A]s it relates to the confidentiality issue, my practice typically is that discovery materials are not in and of themselves public materials. I will allow -- I try to allow latitude for discovery so that parties can obtain all things that they are looking for or may find pursuant to this case, which I've tried to do in this matter. My position is that discovery should not be disseminated outside the lawsuit until the matters have been admitted into evidence.
If a matter is admitted into evidence at trial, whether depositions are admitted or testimony is admitted, then I believe that's what Justice Taylor was talking about was confidentiality through trial material, not discovery material. If it's admitted at trial, it's probably going to be public record. It's going to be allowed to be provided to the public. It will not be confidential. It will not be sealed.
This Court will not now require Farmers to file millions of documents with the Payne County Court Clerk after the case has been dismissed with prejudice upon demand of a nonparty to the lawsuit. The Newbys assert that, because (D) "recognizes a right of public access to discovery materials by requiring their filing, unless a court order says otherwise, all discovery is presumptively public." Again we disagree. The trial court has discretion to enter orders which would not require the Parties in a lawsuit to file discovery documents and the trial court in this matter stated that discovery materials are not in and of themselves public materials until admitted into evidence.
¶15 The Newbys next argue that since the documents have been produced to the Attorney General, the documents should now be produced to them because the Attorney General is held to a higher burden than private litigants. They argue that the Attorney General must demonstrate that extraordinary circumstances exist before the government can obtain records subject to a protective order whereas extraordinary circumstances are not required for private litigants. First, the "extraordinary circumstances" test referred to by the Newbys is included in the United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424 (1990), decision. In that case, the Court discussed whether protective orders should be modified in order to avoid duplicative discovery. Id., at 1428. The United Nuclear Court noted that some courts have adopted a presumption in favor of the continued integrity of the protective order, others have tipped the balance in favor of avoiding duplicative discovery, and still others have simply left the balancing to the discretion of the trial court. Id. One case cited by the Court held that protective orders are only modifiable under extraordinary circumstances. Id. At footnote 1, the United Nuclear Court stated that: "Other courts have assumed that the Second Circuit's 'extraordinary circumstances' test applies only when the government is the collateral litigant seeking to avoid duplicative discovery, because of the government's vast investigatorial resources and power for oppression." Id., at 1428. The United Nuclear Court agreed with the view that duplicative discovery should be avoided but, according to the decision, there is no consensus among the federal courts. Id. Here, the trial court required the Attorney General to comply with the Protective Order before allowing access to the discovery produced by Farmers. That decision was within the discretion of the trial court. The decision of the trial court denying the Newbys access to the discovery documents was also within the discretion of the trial court. Furthermore, a wholesale disclosure of millions of documents may go far beyond the discovery that the Newbys would be entitled to seek in the Oklahoma County action. The Newbys have the ability to seek discovery in their Oklahoma County case and, as a result, we find that the trial court did not abuse its discretion when it denied the Newbys' request for production of the same documents produced in the Good litigation on the basis that the documents have been provided to the Attorney General.
¶16 The Newbys contend in their final argument that the unfiled discovery documents are public records because Farmers gave its unfiled documents to the Attorney General. The Newbys contend that although the Open Records Act allows the Attorney General to keep litigation files and investigatory reports confidential under , the documents produced by Farmers are not litigation files because the Attorney General had not filed suit and did not obtain the documents in litigation. The Newbys also assert that the documents produced are not an investigatory report. They quote , and claim that the documents are "public records subject to public disclosure." Title states, in pertinent part, that:
Access to records, which, under the Oklahoma Open Records Act, would otherwise be available for public inspection and copying, shall not be denied because a public body or public official is using or has taken possession of such records for investigatory purposes or has placed the records in a litigation or investigation file.
 (emphasis added). Discovery documents produced in private litigation are not public records and would not, under the Open Records Act, otherwise be available for public inspection and copying, unless the documents are filed of record or admitted into evidence. Accordingly, we find that the Open Records Act does not require disclosure of documents produced by Farmers to the Attorney General. 
CONCLUSION
¶17 The Newbys had standing to seek a modification of the Protective Order and to seek access to information filed of record. Due to the public policy favoring public access to all court records, and since the trial court and the Parties did not strictly comply with the Open Records Act before allowing documents to be sealed, we find that the trial court's Order of February 8, 2022, denying the "Nonparty Newby's [sic] Motion to Intervene to Declare Protective Order Inapplicable or Otherwise Lift its Restrictions" is reversed, that the Newbys' request to intervene for the limited purpose of challenging the Protective Order is granted and that the matter is remanded to the trial court for the purpose of reviewing the merits of the Newbys' request under the Open Records Act and, as deemed appropriate under the Open Records Act, to make the mandatory findings required thereby to either (a) enter a Modified Protective Order to revise and correct the Protective Order in the event it is determined that the sealed documents should remain confidential, in whole or part; or, (b) alternatively, dissolve the Protective Order in the event it is determined that the sealed documents should be made available for public inspection. We further find that documents produced in discovery are not public records and it was within the discretion of the trial court to grant or deny the Newbys' request for production of those documents. We additionally find that the trial court did not abuse its discretion when it denied the Newbys' request for production of all unfiled discovery documents. Therefore, the Order Denying Nonparty Newbys' Motion to Intervene to Declare Protective Order Inapplicable or Otherwise Lift Its Restrictions is affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this Opinion.
MITCHELL, C.J., and BELL, J., concur.
FOOTNOTES
 The phrase "Protective Order" is used herein to collectively refer to both the original Protective Order (dated December 5, 2017) and the subsequent Modified Protective Order (entered on November 30, 2020).
 Two separate companion original jurisdiction proceedings were filed on August 24, 2018, and assigned Supreme Court Case No.'s 117,316 and 117,317. Good's responses in those proceedings (both filed September 17, 2018), included the statement that the Supreme Court "should support the decision by the trial court which has lived with this litigation and the ongoing and persistent discovery disputes which have riddled the case from the beginning."
 The Newbys' Oklahoma County action was assigned Case No. CJ-2019-5138. The trial court there granted summary judgment to the defendants on December 15, 2021, and later denied rehearing, on April 14, 2022. That case is currently on appeal and has been assigned Case No. 120,421. The appeal there has been assigned to a different division of the Court of Civil Appeals.
 The records viewable on www.oscn.net in the Newbys' Oklahoma County action (Case No. CJ-2019-5138) show that on September 10, 2021, Farmers filed a Motion for Protective Order to, in part, bar the Newbys from securing (in their Requests for Production No.'s 32 & 33) any transcripts and exhibits to depositions taken of its agents or employees in this action.
 The Parties' are in agreement that in excess of ten million pages of documents and multiple depositions of Farmers officers and executives were produced by Farmers in this case.
 Title (B) (Permissive Intervention) and (C) (Protective Orders) are substantially similar to Fed.R.Civ.P. 24(b) and Fed.R.Civ.P. 26(c). When statutes are adopted from or have their conceptual origins in their counterparts found in the Federal Rules of Civil Procedure, courts may look to relevant federal case law to assist them in interpreting and applying the pertinent state provisions. State ex rel. Tal v. City of Oklahoma City, , ¶2, , 240, and State ex rel. Okla. State Bd. of Medical Licensure and Supervision v. Rivero, , ¶'s 79 & 80, , 64-65.
 The Court notes that summary judgment was granted against the Newbys in Oklahoma County and that decision has been appealed. See footnote 3. Until that appeal is resolved and the case is concluded at the trial court level, the lawsuit is still viable and, therefore, the information requested by the Newbys that is subject to the Protective Order in this case is potentially relevant to that action.
 The Protective Order entered by the trial court does not limit the Newbys' ability to seek discovery of the same documents produced by Farmers to Good in the Oklahoma County action.